[Filed June 8, 1885.]

.A. D. BRUNDAGE *v.* MONUMENTAL GOLD AND
SILVER MINING CO., H. FLECKENSTEIN, AND
S. J. MEYER.

CORPORATIONS — CREDITORS OF — LIABILITY OF STOCKHOLDER — EQUITY — PARTIES.
— In a suit by a creditor to enforce the individual liability of a stockholder
for a debt of the corporation, it is not necessary that all the creditors of the
corporation be joined, nor that all the stockholders be made defendants.

ID. — In such a suit, if a defendant stockholder desires other stockholders to be
made parties, he must bring them in at his own expense by an answer or other
proper proceeding.       .

ID. — When the object of the suit is to wind up the affairs of an insolvent corpo-
ration, and it becomes necessary to ascertain the whole amount of the indebted-
ness, and to whom due, and who are liable to contribute upon unpaid stock
subscriptions, such suit should be in the name and for the benefit of all the
creditors, and against all the stockholders found within the jurisdiction.

MULTNOMAH COUNTY.   Defendants Fleckenstein and Meyer
appeal.   Affirmed.

*H. T. Bingham,* and *W. B. Gilbert,* for Appellants.

It is the general rule that where the remedy is in equity all
the stockholders must be joined, unless joinder is shown to be
impracticable.   (Thompson Liability of Stockholders, § 37;
*Umsted* v. *Buskirk,* 17 Ohio St. 113; *Crease* v. *Babcock,* 10
Met. 525; *Strong* v. *Wheaton,* 38 Barb. 616; *Erickson* v.
*Nesmith,* 46 N. H. 371; *Harris* v. *Dorchester,* 23 Pick. 112;
*Mann* v. *Pentz,* 3 N. Y. 415.   And see *Hadley* v. *Russell,* 40

N. H. 109.)   The suit must be brought by or on behalf of all the creditors.   (Thompson Liability of Stockholders, § 351; *Harper* v. *Union M. Co.* 100 Ill. 225; *Low* v. *Buchanan*, 94 Ill. 76; *Terry* v. *Little*, 101 U. S. 216; *Crease* v. *Babcock*, 10 Met. 525; *Umsted* v. *Buskirk*, 17 Ohio St. 113.)

*A. S. Bennett*, for Respondent.

It does not appear either from the complaint or plea in abatement that there are any other creditors; and this we think fairly disposes of the objection that the suit is not brought for the benefit of all the creditors of the corporation. (*Hodges* v. *Silver Hill Min. Co.* 9 Oreg. 200.) But the unpaid stock of a corporation is a trust fund for the payment of the debts of the corporation. (*Union Mutual Life Ins. Co.* v. *Frear Stone Manuf. Co.* 97 Ill. 537; *Sawyer* v. *Hoag*, 17 Wall. 610; *Upton* v. *Tribilcock*, 91 U. S. 45; *Bartlett* v. *Drew*, 57 N. Y. 587.) A judgment creditor who has exhausted his remedy at law may bring his suit in equity to reach any fund of his debtor which cannot be reached by execution, in his own behalf, and without bringing a general winding-up bill or joining other creditors in the suit. (*Bartlett* v. *Drew, supra.*) To the objection that the stockholders are not all made parties, we reply that the liability of the stockholders under our Constitution is a several, distinct, and limited liability, as to which each stockholder stands alone, irrespective of the amounts for which others are liable, except that if he pays more than his proportion of such debts, he may as in other cases have contribution from his co-shareholders. (Const. Oreg. art. xi. § 3; *Hodges* v. *Silver Hill Min. Co.* 9 Oreg. 200; *Hatch* v. *Dana*, 101 U. S. 205; *Bartlett* v. *Drew*, 57 N. Y. 587.) The liability of the stockholders being several, the plaintiff was under no obligation to make all of them defendants in his bill. (*Bartlett* v. *Drew, supra; Marsh* v. *Burroughs*, 1 Woods, 468; *Ogilvie* v. *Knox Ins. Co.* 22 How. 380; *Hatch* v. *Dana, supra; Pierce* v. *Milwaukee Con. Co.* 38 Wis. 253.) Even when the rule has been laid down that all the stockholders should be made defendants, it has been enforced only as a rule of convenience, and is

not insisted on when the parties are very numerous or are out of the jurisdiction. (*Erickson* v. *Nesmith, supra.*)

LORD, J. — This is a suit in equity to enforce the individual liability of stockholders for an indebtedness of the corporation. The defendants Fleckenstein and Meyer demurred to the complaint upon the grounds that there was a non-joinder of parties plaintiff and defendant, which the court overruled; whereupon the defendants filed an answer in the nature of a plea in abatement, alleging that certain persons not made defendants were stockholders in the defendant corporation, to which the plaintiff demurred, and the court sustained the demurrer, and a decree was taken in favor of the plaintiff, from which the defendants appeal, and present two questions for our determination, viz.: (1) Whether the suit must be brought in the name and for the benefit of all the creditors; and (2) whether all the stockholders must be made parties defendant. The Constitution provides that "the stockholders of all corporations and joint stock companies shall be liable for the indebtedness of said corporation to the amount of their stock subscribed and unpaid, and no more." (§ 3, art. xi. Const.) By this section the liability of stockholders of a corporation is limited to the amount of their stock subscribed and unpaid; and the remedy to enforce this liability, it has been held, is in equity, where the rights of the corporation, the stockholders, and all the creditors can be adjusted in one suit. (*Ladd* v. *Cartwright,* 7 Oreg. 329; *Hodges* v. *Silver Hill Min. Co.* 9 Oreg. 200.) The liability of the stockholders for the indebtedness of the corporation constitutes, in part, at least, the basis of its credit, and so far as creditors are concerned, is part of its assets. The unpaid subscriptions to the capital stock, due from the stockholders to the corporation, are regarded in equity as a trust fund, to be held by the corporation for the benefit of its creditors. As said by Mr. Chief Justice Waite, in *Patterson* v. *Lynde,* 106 U. S. 520 :-

"The Constitution of Oregon created no new right in this particular; it simply provided for the preservation of an old one. The liability under this provision is not *to* the creditors,

but *for* the indebtedness.   That is no more than the liability created by the subscription. , The subscription is part of the assets of the corporation, at least so far as creditors are concerned. The liability of the stockholders to the creditor is through the corporation, not direct.   There is no privity of contract between them, and the creditor has not been given, either by the Constitution or statute, any new remedy for the enforcement of his rights.   The stockholder is liable to the extent that the subscription represented by his stock requires him to contribute to the corporate funds, and, when sued for the money he owes, it must be in a way to put what he pays directly or indirectly into the treasury of the corporation for distribution according to law. No one creditor can assume that he alone is entitled to what any stockholder owes, and sue at law so as to appropriate it exclusively to himself."

The liability, therefore, of the stockholders upon their unpaid subscription to the capital stock being a trust fund in equity for the payment of the debts of the corporation, all the creditors are entitled to share in it.   As a result of this doctrine, the general proposition is well sustained by the authorities that a judgment creditor of the corporation, who has exhaused his remedy at law, may maintain a suit in equity in his own behalf, and in behalf of such other creditors of the corporation as may unite to become parties with him, against the corporation and its delinquent stockholders, and have a decree that an account of the assets and debts of the corporation be taken, and that the stockholders pay in and account for so much as may be due from them respectively to the corporation on account of their capital stock, as will be sufficient to pay the debts represented by the plaintiff and such other creditors as may join.   (*Adler* v. *Manuf. Co.* 13 Wis. 63; *Mann* v. *Pentz*, 3 N. Y. 415; *Ogilvie* v. *Knox Ins. Co.* 22 How. 380; *Crease* v. *Babcock*, 10 Met. 525; *Umsted* v. *Buskirk*, 17 Ohio St. 113; *Wood* v. *Dummer*, 3 Mason, 308; Thomp. Liab. Stock. § 351; 2 Story Eq. Juris. 1252.)   When the object of the bill is to settle or wind up the affairs of the corporation which is insolvent, and it becomes necessary to ascertain the whole amount of the indebtedness and to whom due, and also

who are liable to contribute upon their upaid stock subscriptions, the necessity of bringing the suit in the name and for the benefit of all the creditors of the corporation, and against all the stockholders found within the jurisdiction, is conceded. But when the bill is not brought for that purpose, although in the form of an ordinary creditor's bill, as the case here, but seeks solely to obtain the payment of the plaintiff's judgment, and it does not appear by the bill or otherwise that there are any other creditors who wish to be made parties, a judgment creditor who has exhausted his legal remedy ought not to be stayed in his suit to pursue any equitable interest or demand of his debtor, in the absence of any showing by them objecting that there are any other creditors.

Upon the facts as presented by this record we do not think the first objection available. But it is upon the second point, that all the stockholders of the corporation should be made parties defendant, that the defendants more strenuously insist. Upon this point the substance of their contention is that the effect of the decision in *Ladd* v. *Cartwright, supra,* establishing the remedy of the creditor of an insolvent corporation in equity and not at law, to enforce the liability of the stockholder upon his unpaid subscriptions, where, as the court say, "the rights of the corporation, the stockholder, and all the creditors can be adjusted in one suit," necessarily precludes the right of such creditor to proceed against one or more delinquent stockholders for his debt. But this does not follow from the mere fact that the suit is in equity and not at law. When the object of the bill is to wind up the affairs of the insolvent corporation, and the presence of all parties is necessary to properly adjust the equities, and to avoid a multiplicity of suits, they may be brought in and made parties. This is only the advantage which equity affords when the nature of the suit requires it. But it is not enough to defeat a creditor's right to pursue his remedy in equity, when he seeks to obtain the payment of his judgment against an insolvent corporation by subjecting some equitable interest or demand due it, by simply suggesting, in way of answer in abatement of the suit, that there are other stockholders. While it is true that the liabil-

ity of the stockholder upon his unpaid subscription is not to the creditor, but for the indebtedness of the corporation, yet as a debtor to the corporation upon such unpaid stock, it may be pursued in his hands. "A judgment creditor," says Mr. Justice Bradley," who has exhausted his legal remedy, may pursue in a court of equity any equitable interest, trust, or demand of his debtor in whosesoever hands it may be. And if the party thus reached has a remedy over against other parties for contribution or indemnity, it will be no defense to the primary suit against him that they are not parties. If a creditor were to be stayed until all such parties could be made to contribute their proportionate share of the liability, he might never get his money." (*Marsh* v. *Burroughs*, 1 Woods, 468.) And as the object of the present bill is not to settle the affairs of the corporation, but is brought simply for the purpose of securing the payment of the judgment debt out of the unpaid stock subscriptions, we think the language of Mr. Justice Strong in *Hatch* v. *Dana*, 101 U. S. 210, peculiarly applicable to the case under consideration, and decisive of it. He said:—

"The liability of a subscriber for the capital stock of a company is several and not joint. By his subscription each becomes a several debtor to the company, as much so as if he had given his promissory note for the amount of his subscription. At law, certainly, his subscription may be enforced against him without joinder of other subscribers; and in equity his liability does not cease to be several. A creditor's bill merely subrogates the creditor to the place of the debtor, and garnishes the debt due to the indebted corporation. It does not change the character of the debt attached or garnished. It may be that if the object of the bill is to wind up the affairs of this corporation, all the stockholders, at least so far as they can be ascertained, should be made parties, that complete justice may be done by equalizing the burdens, and in order to prevent a multiplicity of suits. But this is no such case. The most that can be said is that the presence of the stockholders might be convenient, not that it is necessary. When the only object of a bill is to obtain payment of a judgment against a corporation out of its credits or intangi-

ble property, that is, out of its unpaid stock, there is not the same reason for requiring all the stockholders to be made defendants. In such case no stockholder can be made to pay more than he owes."

So also in *Ogilvie* v. *Knox Ins. Co.* 22 How. 380, it was objected, as here, that the bill was defective for want of proper parties, but the court held the objection untenable. In delivering the opinion of the court, Grier, J., said: —

"The creditors of the corporation are seeking satisfaction out of the assets of the company, to which the defendants are debtors. If the debts attached are sufficient to pay their demands, the creditors need look no further. They are not bound to settle up all the affairs of the corporation, and the equities between its various stockholders, corporations, or debtors. If A is bound to pay his debt to the corporation in order to satisfy his creditors, he cannot defend himself by pleading that these complainants might have got their satisfaction out of B as well. It is true, if it be necessary to a complete satisfaction of the complainants that the corporation be treated as an insolvent, the court may appoint a receiver, with authority to collect and receive all the debts due to the company, and administer all the assets. In that way all the other stockholders may be made to contribute."

See also *Bartlett* v. *Drew*, 57 N. Y. 587; *Pierce* v. *Milwaukee Con. Co.* 38 Wis. 253.

In this suit the parties are shown to be numerous and widely scattered. It is brought against twenty-two stockholders, and the plea in abatement shows that there are thirty-four others living in four different counties. Nor is there any pretense that this is all, or that they are within the jurisdiction of the court. To abate this suit and compel the plaintiff to begin anew, so as to make these stockholders designated in the plea in abatement parties defendant, then, out of the numerous shares still unaccounted for, when these new defendants are brought in, other stockholders may be pointed out, and the process of abating the suit carried to an extent that would amount to a practical denial of justice. The contention of the plaintiff is that it is not his business to bring in these new parties, but that if the defend-

ants want other stockholders brought in for the purpose of equalizing the burdens by contribution among themselves, it being for their benefit and interest, they must bring them in at their own expense by an answer or other proper proceeding.

In *Hatch* v. *Dana, supra,* in further delivering the opinion of the court, Strong, J., said:—

"That the complainant was under no obligation to make all the stockholders of the bank defendants in his bill. It was not his duty to marshal the assets of the bank, or to adjust the equities between the corporators. In all that he had no interest. The appellants may have had such an interest, and, if so, it was quite in their power to secure its protection. They might have moved for a receiver, or they might have filed a cross-bill, obtained a discovery of the other stockholders, brought them in, and enforced contribution from all who had not paid their stock subscriptions Their equitable right to contribution is not yet lost."

We think the decree of the court below must be affirmed.