CLEVELAND ROLLING-MILL Co. *v.* TEXAS & ST. L. RY. Co. and others.[1]

*(Circuit Court, E. D. Missouri. March 24, 1886.)*

1. CORPORATION—STOCKHOLDERS—SUIT TO ENFORCE LIABILITY—PARTIES.
   A bill in equity to charge holders of nominally paid-up stock cannot be maintained on behalf of a single judgment creditor, but must be on behalf of all entitled to share in such assets.

2. SAME—CORPORATION IN HANDS OF RECEIVER.
   *Semble,* that where the corporation is in the hands of a receiver he is not the only party who can sue.

3. SAME—LIABILITY OF HOLDERS OF NOMINALLY PAID-UP STOCK—NOTICE.
   Holders of nominally paid-up stock, upon which nothing has been paid, are not liable for the amount due thereon, unless they took with notice.

In Equity. Bill to charge holders of nominally paid-up stock on behalf of a single judgment creditor. Demurrer to bill.

The bill charges, in substance, that all of the defendants except the Texas & St. Louis Railway Company are subscribers to and owners of unpaid-for stock issued to them as purchasers of the company's bonds, as a bonus, and that said stock was issued by said company through one Hubbard, who had ostensibly taken the contract to construct said company's road in consideration of all its stock and bonds, though said road was, in fact, constructed by the company itself.

*Ira C. Terry* and *Fisher & Rowell,* for complainant.

*Dyer, Lee & Ellis, Hough, Overall & Judson, Phillips & Stewart, John G. Chandler, Farrish & Jones,* and *John P. Davis,* for defendants.

BREWER, J., *(orally.)* In the case of *Cleveland Rolling-mill Company* v. *Texas & St. Louis Railway Company* there is a demurrer to the bill. The bill is one to charge stockholders in the railroad company for and on behalf of a judgment creditor. Three grounds are alleged:

*First.* That the bill is brought simply on behalf of a single complainant, instead of on behalf of all the creditors. That is a defect: a bill in equity must be in behalf of all entitled to share in such assets. Therefore that calls for a sustaining of the demurrer.

*Second.* That the receiver is the party to bring suit. On the face of these papers, except by implication and reference to other proceedings, it does not appear that there was ever a receiver, and, if there

---

was, we do not think he is the only party who can bring suit for the collection of these unpaid subscriptions of stockholders.

The *third* objection is that it does not appear that these stockholders were original subscribers to the stock of the company, and had not paid for their stock. The bill, I think, is open to criticism in that respect. I do not mean to say that the language does not carry the idea which counsel evidently had in mind, and yet I think it is perhaps not sufficiently perspicuous, and as the demurrer will have to be sustained, and leave given to amend the bill, the language should be made clear and fuller, to show that these parties took the stock directly from the company, and not from a contractor, or that they took it with knowledge of the fact that this party, who is alleged to have been a sham contractor, was such, and that it was simply a device to evade the rule of liability for non-payment of stock. Of course, it is very patent what the idea of the counsel was in the matter; and, giving particular force to the words used, it may be that it is sufficient; but, as long as the bill must be amended in the other respect, it would be better to make it full, clear, and specific, so that there shall be no question as to what the facts are that are charged.

The demurrer will be sustained, and leave given to file an amended bill by the next rule-day.