(February 23, 1895.)

# BOISE CITY v. ARTESIAN HOT AND COLD WATER COMPANY.

[39 Pac. 562.]

PLEADING—WATER COMPANY—SECTIONS 2711 AND 2712 OF THE REVISED STATUTES—FREE WATER FOR FIRE PURPOSES.—A complaint alleging the organization and operation of a water company under sections 2711 and 2712 of the Revised Statutes of Idaho and praying for decree of court compelling said company to furnish water for fire purposes free to the city of its location.

ORDINANCE OR CONTRACT WITH COMPANY MUST BE SET FORTH.—Must set forth substantially the ordinance or contract with such city permitting such company to furnish water and regulating the manner thereof, if any such ordinance or contract is in existence.

SECTION REQUIRING WATER COMPANY TO FURNISH WATER FREE CONSTITUTIONAL.—The clause of section 2711 requiring a water company receiving and accepting the privileges conferred by the statute, to furnish the city or town water for fire purposes and other great necesities free, *held*, to be constitutional.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

S. L. Tipton and W. E. Borah, for Appellant.

Under section 2711 the company was bound to furnish water to the plaintiff free for "fire and other great necessities." This question and every phase of it has been clearly and distinctly settled by the supreme court of California. (Idaho Rev. Stats., sec. 2711; *Spring Valley Water Works v. San Francisco,* 52 Cal. 111; *San Diego Water Co. v. San Diego,* 59 Cal. 517; *San Francisco v. Spring Valley Water Works,* 48 Cal. 493.) A constitutional provision may be self-executing if it supplies a sufficient rule by means of which the right may be enjoyed. (Cooley's Constitutional Limitations, 99, 100; *Ewing v. Oroville Min. Co.,* 56 Cal. 649.) Provisions of the constitution, not self-executing, lie dormant until there is legislation, and do not annul prior laws. (Cooley's Constitutional Limitations, 98, 100; *Supervisors of Doddridge v. Stout,* 9 W. Va. 703; *Williams v. Mayor etc. of Detroit,* 2 Mich. 560; *Coatsville Gas. Co. v. County of Chester,* 97 Pa. St. 476; *Cahoon v. Commonwealth,* 20 Gratt. 733.)

Johnson & Johnson and George Ainslie, for Respondent.

The contention of appellant is that respondent is bound by section 2711 of the Revised Statutes to furnish water to the city for fire and other great necessities free of charge. The contention of respondent is that the complaint does not show that it is so bound. The complaint does not show that respondent is organized under or is authorized by chapter 5 of title 4 of the Civil Code to supply the city with water. Section 2710 provides that: "No corporation formed to supply any city or town with water must do so unless previously authorized by an ordinance of the authorities thereof, or unless it is done in conformity with a contract entered into between the city or town and the corporation." The complaint does not allege the passage of any such ordinance, or the terms of any such contract, or that any such contract has been entered into between the city and respondent. "The law supposes that every suitor will state his case as strongly as the facts warrant; and hence the rule that a pleading is taken most strongly against the party making it." (*Green v. Covillaud,* 10 Cal. 317, 70 Am. Dec. 725; *De Castro v. Clark,* 29 Cal. 16; *Callahan v. Lochran,* 102 Cal. 417.) "It is a cardinal rule in equity, as in all other pleading, that the *allegata* and *probata* must agree, and that averments material to the case omitted from the pleading cannot be supplied by the evidence." (*Green v. Covillaud,* 10 Cal. 317, 70 Am. Dec. 725; *Murdock v. Clarke,* 59 Cal. 693.) The constitution declares that "the right to collect rates or compensation for the use of water supplied to any county, city or town, or water district, or the inhabitants thereof, is a franchise, and cannot be exercised except by authority of, and in the manner prescribed by law"—that is, by statute law, thereby contemplating the enacting by the legislature, where they do not exist, of all laws necessary to give effect to its commands, and that none should be passed in contravention of its provisions. (Idaho Const., art. 15, sec. 2; *People v. Stephens,* 62 Cal. 209-234 et seq.) The constitution of Idaho declares that "the legislature shall provide by the law the manner in which reasonable maximum rates may be established to be charged for the use of water sold, rented or distributed for any useful or beneficial purpose."

(Idaho Const., art. 15, sec. 6.) The needful laws did exist under which such rates of charges or compensation for water furnished could be fixed, and established section 2711 of the Revised Statutes of Idaho. And under the rule laid down by Judge Cooley the whole of section 2711 is operative, and not repugnant to the constitution, except that portion, commencing in line 5 thereof, and ending in line 7, comprising the following: "and must furnish water to the extent of their means in case of fire or other great necessity free of charge." That portion of said section is perfectly distinct and separable, does not depend on the other portion of the section, does not operate together with the other portions for the same purpose; and the balance of the section may stand even though the words, or portion mentioned fall, as being in conflict with, or repugnant to the constitution. (Cooley's Constitutional Limitations, 6th ed., 209, and following; *Comstock v. City of Syracuse,* 129 N. Y. 643, 27 N. E. 1081, 29 N. E. 289, 294.)

Plaintiff alleges: Corporate existence of both plaintiff and defendant. That defendant became incorporated on or about March 27, 1891, and a short time thereafter commenced doing business. That the purpose for which said corporation was formed was to furnish water to the inhabitants of Boise City for domestic and family use, and to supply plaintiff with water for municipal purposes, as for fire and sanitary uses. That the defendant has laid its water mains and pipes through the streets of Boise City, and is now using and operating said mains and pipes for conducting and furnishing water for pay to the inhabitants of Boise City for domestic and family uses. That plaintiff, for protection against fire, has placed pipes and fire hydrants, to the number of fifty-five, in convenient places throughout the city, and connected the same to the water mains by means of pipes so that water may be secured through the same for the use of the city in case of fire and other great necessities. That defendant has, by means of its connection with the pipes, supplied and is supplying, through its water mains and pipes, water to said hydrants for fire purposes and other great necessities, and that the plaintiff has paid the defendant for said water the sum of $1,375 per annum. Plaintiff now refuses to pay the defendant any further sum for water for fire purposes

and other great necessities, and alleges that plaintiff is entitled to said water free of charge. That, by reason of the refusal on the part of the plaintiff to pay said defendant for said water furnished for fire purposes, the defendant has threatened and is threatening to immediately shut off said supply, and threatens, if not paid, to disconnect the pipes in the fire hydrants of the plaintiff; and, if permitted so to do, the defendant will leave the plaintiff without adequate means to protect the said city in case of fire; and if said threats be carried into execution it will cause irreparable injury and damage to plaintiff. That plaintiff is without remedy at law, and prays that the defendant and its agents be restrained from interfering in any way with the pipes and connections of said hydrants with the water mains and pipes of the defendant, and that the defendant be restrained from cutting off or in any way interfering with the water supply furnished by defendant to the plaintiff for said fire purposes; and that, pending this action, the said defendant be so restrained; and for other and further relief, etc. Defendant demurred to the complaint, stating, as cause, that complaint does not state facts sufficient to constitute a cause of action. Demurrer was sustained by the district court, plaintiff given leave to amend, but declined to do so, and from the order sustaining demurrer and entering default appeals to this court.

MORGAN, C. J. (After Stating the Facts.)—The date given as the time when this corporation was organized and commenced business was at a time when the statute (Idaho Rev. Stats., secs. 2710-2712) was in force, and therefore the said corporation is subject to the provisions thereof. Section 2712 provides that any corporation created under the provisions of that title, for the purposes named, subject to the reasonable direction of the city or town authorities as to the mode and manner of using such right of way, may use so much of the streets, ways and alleys, in any town or any city as may be necessary for laying pipes for conducting water into such town or city, or through or into any part thereof. Section 2711 provides that all corporations formed to supply water to cities or towns must furnish pure, fresh water to the inhabitants thereof for family use, so long as the supply permits, at reasonable rates, and without distinc-

tion of persons, upon proper demand therefor, and must furnish water to the extent of their means, in case of fire or other great necessity, free of charge.    This section also provides a means of fixing the rates to be charged by the corporation for water furnished the inhabitants, which is that the city shall appoint two commissioners, two to be selected by the water company, and, in case the four cannot agree, a fifth shall be selected by these four, or in case of disagreement the probate judge shall appoint a fifth.    With these provisions in view, and with the facts as above alleged, which by the demurrer are admitted to be true, this court is asked to compel said water company to furnish water to said city for fire purposes and other great necessities free of charge.    But section 2710 states "no corporation formed to supply any city or town with water must do so unless previously authorized by an ordinance of the authorities thereof or unless it is done in conformity with a contract entered into between the city or town and the corporation," and states, further, that contracts so made are valid and binding in law, etc.    In the face of this statute, the court is asked, in effect, to enter up a decree directing and requiring said water company to furnish the city water for fire purposes free of charge, with this statute (section 2710) standing at the head of the chapter which absolutely forbids this corporation or any corporation to furnish any water to the city, either free or for a compensation unless said corporation is previously authorized to do so by ordinance or by contract entered into between the corporation and the city.    In order to illustrate the position the court would be in, let us suppose this court should reverse the decision of the court below, and direct the district court to enter up a decree in compliance with the prayer of the complaint, in case the defendant should decline to answer.    The district court would, in effect, be required to adjudge and decree that the defendant should furnish the city water for fire purposes and other great necessities free of charge, in the face of section 2710, which says it shall not furnish water for any purpose, either free or for compensation, unless previously authorized by ordinance or contract so to do.    The complaint must state everything necessary to enable the court to enter up the judgment prayed for if the defendant does not answer, but this

the court cannot do in this case, because the plaintiff has not alleged that said company is authorized to furnish water at all, either by ordinance or contract. While we think the city could enter into no contract which could nullify the provision of the statute which requires said company to furnish water free for fire purposes to the extent of its means, still we think the court should know the exact condition of things between the city and water company, as there may be a contract or ordinance which would affect the character of the decree the court would be authorized to render.

Respondent contends, also, that the portion of section 2711 which requires the water company accepting the privileges granted by the statute to furnish any city so occupied water for fire purposes free is unconstitutional, as repugnant to section 2, article 15 of the constitution. This section simply announces a general principle, and the first clause amounts only to a definition; that is, that the right to collect rates, etc., for water supplied to any county, city or town, or the inhabitants thereof, is a franchise, and cannot be exercised except in the manner prescribed by law. This section does not amend sections 2710, 2711, or 2712 of the statute, but would authorize the enactment of just such a statute, unless it interferes with the right of the legislature to say that a corporation so formed shall furnish water for fire purposes free. In our view of it, this section is not prohibitory at all. It is, as said above, simply a definition. It does not say the legislature shall not pass a law compelling a water company, in consideration of the acceptance of certain privileges and rights, or in consideration of any privileges or rights, to furnish a city or town water for fire purposes free. Neither is this law repugnant to the provisions of section 6, article 15 of the constitution, which says: "The legislature shall provide by law the manner in which reasonable maximum rates may be established to be charged for the use of water sold, rented or distributed for any useful or beneficial purpose." That is, the legislature shall provide by law the manner in which reasonable maximum rates may be fixed for the use of water furnished for which the corporation is authorized to charge anything, and does not prevent the legislature from granting certain privileges, in consideration of the ac-

ceptance of which the corporation shall furnish water for fire purposes free, as above stated. As at present advised, we see no reason for declaring this portion of section 2711 to be unconstitutional. There seems to be really but little reason, in the view we take of this cause, for touching upon the question of the constitutionality of this provision of the law; but counsel seemed to make it one of the issues to be determined, and therefore we have said the judgment of the court below is affirmed, with costs to respondent, but the district court is directed to set aside the judgment of dismissal, allow plaintiff to amend the complaint, and issue a restraining order restraining the defendant from cutting off or interfering in any way or manner with the water supply furnished by defendant to plaintiff for fire purposes and other great necessities until the rights of the parties can be finally determined.

Huston, J., concurs.

SULLIVAN, J.—I dissent from the conclusion reached by the majority of the court. This suit was brought to restrain the respondent corporation from disconnecting its water pipes from the pipes and fire hydrants of the city used to supply water for fire purposes and other great necessities, and from cutting off and interfering in any way or manner with the water supply furnished by the defendant to the city for those purposes. The complaint is as follows: "The plaintiff complains and alleges: 1. That it is a municipal corporation of Ada county, Idaho, duly organized and existing under and by virtue of the laws of the state of Idaho. 2. That the defendant is now, and was at all times hereinafter mentioned, a private corporation, doing business at Boise City, Ada county, Idaho, organized and existing under the laws of the state of Idaho. 3. That the defendant, on or about the twenty-seventh day of March, 1891, became incorporated, and a short time thereafter began doing business at Boise City, Ada county, Idaho, under the corporate name of the Artesian Hot and Cold Water Company, Limited. 4. That the purpose for which the defendant was incorporated was to conduct, furnish and supply pure, fresh water to the inhabitants of Boise City for domestic and family uses, and to furnish and supply this plaintiff with such water for municipal purposes,

such as for fire and sanitary uses, and for other great necessities.
5. That the defendant has laid and constructed the water mains
and pipes through the streets and highways of Boise City, and is
now using and operating said water mains and pipes in con-
ducting, distributing and furnishing water for pay to the in-
habitants of Boise City for domestic and family uses.   6. That
the plaintiff, for its protection against fire, and to provide for
its further great necessities, has placed pipe and fire hydrants
to the number of fifty-five, so connected with the water mains
of the defendant as to be supplied by water therefrom, and has
so distributed them at convenient places through Boise City that
water may be secured through said pipes and fire hydrants for
the use of said Boise City, the plaintiff herein, in case of fire
and other great necessities.   7. That the defendant has, by
means of its connection with the pipes and fire hydrants of the
plaintiff, supplied, and is now supplying, through its water
mains and pipes, water to the said hydrants and pipes,
for fire purposes and other great necessities; and the plain-
tiff, for the water so furnished for fire purposes and other
great necessities, has paid the defendant for said water
the sum of $1,375 per annum.   8. The plaintiff has re-
fused, and does refuse, to pay the defendant any further sum or
sums whatever for said water for fire purposes and other great
necessities; and alleges and maintains that said plaintiff is en-
titled to said water for fire purposes and other great necessities
free of charge, and without any further compensation whatever
to the defendant.   9. That by reason of the refusal on the part
of the plaintiff to pay or compensate the defendant—and for no
other reason—for said water furnished for fire purposes and
other great necessities, the defendant has threatened, and is
threatening, to immediately cut off and stop the supply to the
plaintiff of said water for fire purposes and other great neces-
sities, and also threatens, if not paid, to immediately disconnect
their water mains and pipes from the pipes and fire hydrants of
the plaintiff; and if permitted so to do, as indicated by the
aforesaid threats of the defendant, will leave the plaintiff with-
out adequate means to protect the said Boise City in case of fire
or other great necessity; and if said threats be carried into ex-
ecution will cause irreparable injury and damage to the plaintiff.

10. That the plaintiff is without an adequate remedy in law. Wherefore the plaintiff prays judgment against the defendant: 1. That the defendant, and its agents, servants, employees and all persons acting or claiming to act under or on behalf of said defendant, be perpetually restrained and enjoined from interfering in any wise or manner with the pipes or fire hydrants of the plaintiff, or in meddling with the pipes and connections of said hydrants with the water mains and pipes of the defendant. 2. That said defendant, and its agents, servants and employees, and all persons acting or claiming to act under or on behalf of said defendant, be enjoined and restrained from cutting off or interfering in any way or manner with the water supply furnished by the defendant to the plaintiff for said fire purposes and other great necessities. 3. That pending this action the defendant, and its agents, servants, employees and all persons acting or claiming to act under or on behalf of said defendant, be restrained from interfering in any wise or manner with the connection of any pipe or fire hydrant of the plaintiff with the water mains and pipes of the defendant, and from cutting off, meddling, or interfering in any wise or manner with the water supply as now furnished by the defendant to the plaintiff for said fire purposes and other great necessities; and that, pending said hearing on said motion for injunction, plaintiff prays a restraining order issue restraining defendant from doing the things herein threatened by the defendant. 4. That such other and further relief may be granted as the court may deem equitable; and for costs of suit." To the complaint the defendant corporation interposed a general demurrer, which was sustained, and, on the plaintiff's refusal to amend, judgment of dismissal was entered. This appeal is from that judgment.

The only error specified is that the court erred in sustaining the demurrer and entering the judgment of dismissal. The question for determination is, Does the complaint state a cause of action? The contentions of respondent are (1) that the complaint does not show that respondent is organized under or is authorized by chapter 5 of the title 4 of the Civil Code to supply the city with water, and (2) that the clause of section 2711 of said chapter requiring water companies to furnish water for fire purposes free of charge is in conflict with article 15 of the state

constitution.   As to the constitutionality of said clause, I con-
cur in the opinion of the majority of the court.   The remaining
question for determination, then, is, Does the complaint state a
cause of action?

The allegations of the complaint must be read in the light
of the law under which the respondent is furnishing water for
compensation to the inhabitants of Boise City.   There is but
one law under which it is legally permitted to do what it is ad-
mitted by the demurrer that it is doing, and that law is found in
chapter 5, title 4 of the Civil Code.   According to the allega-
tions of the complaint, the respondent is receiving the compen-
sations and benefits authorized by said statute, and it should
perform the duties and obligations imposed thereby.   If the al-
legations of the complaint are true, the duties and obligations
are imposed regardless of the terms of any ordinance or con-
tract which section 2710 authorizes the city to make.   When the
complaint alleges that the water company, formed for the pur-
pose of supplying the city with water, is doing so, the presump-
tion is that it is legally so doing, unless the contrary appears.
And when a public statute provides that all such water com-
panies must furnish water free of charge for fire purposes, such
law cannot be annulled or set aside by any ordinance or contract
the city is authorized to make.   Section 2710, which provides
that a water company must not supply a city or town water un-
til first authorized by ordinance or contract, was not intended
as a protection to water companies which supply cities and towns
water without being so authorized.   It was enacted for the pro-
tection of the city, in order that it might make proper con-
tracts for fire hydrants and the proper placing of them, and
other necessary things required in all such matters and au-
thorize a city to restrain any company from supplying water un-
less it complies with the reasonable demands of the city in con-
necting its water pipes with the fire hydrants of the city, and
other necessary things to make the water supply effective.   The
complaint alleges that the placing of such hydrants and the con-
nections with the water pipes of the company have all been ar-
ranged, and no complaint is made on that ground.   These mat-
ters of detail all having been arranged between the city and
water company, the company now threatens to sever the connec-

tions between the water pipes and fire hydrants, and thus refuse to comply with the free water clause of said section 2711. The complaint sets out, in effect, a contract or ordinance which it, the city, might legally make under the provisions of section 2710, by alleging that the city has provided fifty-five fire hydrants and certain pipes, to which the defendant has attached its water pipes and supplied water through them for fire purposes and other great necessities. The provisions of that section are a part of every ordinance or contract authorized by section 2710 to be made by the city, in the sense that no ordinance or contract can be made to evade its provisions, and no water company can evade that provision of the law and receive protection under the other provisions of said law. Chapter 5 of title 4 of the Civil Code provides a complete scheme by which water companies may supply water to cities and towns. The plan or scheme is complete in itself, except that the city may pass an ordinance or make a contract with the company for placing the proper number of hydrants, and other necessary things needed to be done in order to supply the city with water for fire purposes and other great necessities. The complaint alleges, in effect, that those details have all been agreed upon and performed, and that the company is legally supplying water to the city, but avers that it threatens to sever its water pipes from the fire hydrants, and to refuse to supply the city with free water for fire purposes, and asks to have it restrained from violating said free water provision.

In Bliss on Code Pleading (section 175) the rule applicable to the point under consideration is thus stated: "When the law presumes a fact, it should not be stated; thus, the law presumes . . . . that his [a man's] business has been legally transacted." "The plaintiff should not state the facts thus presumed; but, if to be put in issue, the contrary averment must come from the other side." The respondent desires the converse of the foregoing rule to be applied to this case. It would have this court presume that the respondent is transacting its business illegally. It would have us presume that it is furnishing water to the city without an ordinance or contract authorizing it so to do, in direct violation of the statute. If it desires to show that, it should make the issue by answer, for there is nothing in the complaint

that would justify such a presumption. But, to the contrary, the allegations clearly indicate that said water company was legally organized, had legally constructed its waterworks, mains, and pipes, and legally connected them with the fire hydrants of the city, and was legally collecting water rates of the inhabitants of Boise City. Said section 2710 declares that it must not do so unless first authorized by ordinance or contract. And for this court to hold that the presumption is that said company is doing so in violation of said statute would be to reverse the rule of presumptions as laid down by Bliss on Code Pleading, as well as the provisions of section 4231 of the Revised Statutes, which declare that the court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties. What substantial rights of the respondent can be affected by requiring it to meet the issue presented by the complaint? I can conceive of none. On the presentation of the case here, both parties concede that the constitutionality of the free water provision of said section 2711 is the only question involved in the case. If the respondent has a defense to that issue, it can be determined as fully and as fairly as though the complaint set forth *in haec verba* any ordinance or contract made under the provisions of said section 2710. The city is entitled to free water for the purposes designated or it is not; and any defense the respondent has can be set up in this suit, and the issue fully determined.

Section 2710 of the Revised Statutes declares that a water company must not supply water to a city or town unless first authorized by ordinance or contract. This provision is for the protection of the city, and not for relieving the water company of any duties and obligations imposed by the provisions of said chapter. If supplying the city with water without an ordinance or contract would annul or set aside the provisions of said section, then there would be some reason for holding that the complaint must allege, in terms, that said water is supplied under an ordinance or contract. Will it be seriously contended that, if such water is being illegally supplied to the city by respondent, that fact is a defense to this action? I do not think so. If it can successfully interpose that as a defense, then it is permitted to profit by its own illegal acts, which is contrary to

every principle of justice and right.  I do not think such a de-fense can be successfully made.  If this position is right, then it matters not, so far as the issue in this case is concerned, whether the water company is supplying the water, as alleged in the complaint, under the authority of an ordinance or contract, or whether it is so doing without either.  I do not think the city can make a valid contract or ordinance under section 2710, waiving or setting aside the clause of said section 2711 requir-ing water companies to furnish water free for fire purposes.  If this position is right, it makes no difference whether the water is being supplied under ordinance or contract, or without either. If the free water clause in said section 2711 cannot be enforced against companies that furnish water illegally, that would be a strong inducement for all companies to furnish water ille-gally.  Under the allegations of the complaint, the court should presume that the water company is conducting its business le-gally, and, that being true, the duty to furnish water for fire purposes free of charge is imposed by the law.  If that law is a hardship, and unjust to the water company, the legislature may repeal it, but this court cannot.  The complaint is too plain to require any construction as to its effect.  Its effect is to allege that the water company is supplying said city with water under the provisions of chapter 5 of title 4 of the Civil Code; that the city has, under an agreement with said com-pany, furnished fifty-five fire hydrants and pipes for the purpose of supplying said city with water for fire purposes and other great necessities, and that said company has connected its water pipes therewith, and is furnishing water for said purposes, and that said city has heretofore paid said company $1,375 per an-num for such water, but that said water company now threatens to sever its said pipes from the pipes and hydrants of the city, and refuse to further furnish water for the purposes aforesaid, for the reason that plaintiff refuses to pay for such water, and prays for an injunction to restrain it from so doing.

The issue tendered is plain and simple.  If the water com-pany has any contract with the city whereby the provisions of the statute have been waived or set aside, or for any legal reason is not required to furnish free water, as alleged, that is a mat-ter of defense, and should be met by answer.  The respondent

fully recognizes the issue tendered by the complaint, and endeavors to meet it in this court by attempting to show that the free water clause of section 2711 is unconstitutional; and much the greater portion of respondent's oral argument and brief was devoted to that point. And for this court, under these circumstances, to hold that the issue tendered cannot be fully determined without the allegation that the water company is furnishing said water under ordinance or contract, would be most technical. The old rule of technical construction was annihilated by our code. Section 4231 of the Revised Statutes provides that courts must in every stage of an action disregard, not only errors, but also defects, in the pleadings or proceedings, which do not affect the substantial rights of the parties. Any defense which said company may have might be set up and as fully and fairly determined as it could be if the complaint allege in terms that said company was furnishing water under an ordinance or contract, or that it was so doing without either. Appellant has not asked on this appeal that the defendant be denied the right to answer, but, on the contrary, seems desirous to have it interpose any defense it may have, and to have the matter fully and fairly determined. By the demurrer the respondent admits that it is doing every act which the complaint alleges that it is doing. If it is illegally supplying water, and that is a defense to this action, it can be interposed in this suit; and, if it is supplying water by ordinance or contract which relieves it of the duty imposed by the free water provision of section 2712, that defense may be interposed. The decision of this court would seem to hold that respondent would be deprived of a defense if the action of the court below be reversed, but, as shown above, the case may be sent back for trial and every right of respondent be fully protected. The judgment of the lower court should be reversed, with instructions to overrule said demurrer, and that defendant be given time to answer.