(July 1, 1918.)

JOHN C. FEEHAN, Appellant, v. F. D. KENDRICK, Respondent.

[179 Pac. 507.]

CORPORATIONS—UNPAID STOCK—LIABILITY OF STOCKHOLDERS—STATUTES OF LIMITATION—BONA FIDE HOLDER—PLEADING AND PRACTICE.

1. The liability of a stockholder for corporate indebtedness to the amount unpaid upon the par value of his stock is not a "liability created by law" within the meaning of sec. 4077, Rev. Codes.

2. A purchaser of stock, originally issued as fully paid up in exchange for fraudulently overvalued property, is not liable to corporate creditors for the unpaid balance of its par value in excess of

Opinion of the Court—Morgan, J.

the true valuation of the property, where he acquired the stock in
good faith and without notice.

3. If a demurrer sustained by the trial court on an erroneous
ground, is good on any ground, the ruling will not be reversed.

APPEAL from the District Court of the First Judicial
District, for Shoshone County. Hon. William W. Woods,
Judge.

Action to enforce stockholder's liability for unpaid stock,
Demurrer to complaint sustained and judgment of dismissal
entered. *Affirmed.*

John P. Gray and James A. Wayne, for Appellant.

The issuance of stock as fully paid in exchange for prop-
erty at a gross overvaluation placed thereon was a fraud upon
the creditors of the corporation, and such creditors might re-
cover from the stockholder the difference between the par
value of the stock and the amount which had been paid
thereon, placing a fair and reasonable value on the property
exchanged for the stock. (*Kelly v. Clark (Fourth of July
Mining Co.*), 21 Mont. 291, 69 Am. St. 668, 53 Pac. 959, 42
L. R. A. 621.)

C. W. Beale and Walter H. Hanson, for Respondent.

The cause of action set forth in amended complaint and all
causes of action and parts of every cause of action therein
contained relative to the indebtedness therein set forth are
barred by the provisions of sec. 4077, Rev. Codes. (*Hunt v.
Ward,* 99 Cal. 612, 34 Pac. 335; *O'Neill v. Quarnstrom,* 6
Cal. App. 469, 92 Pac. 391; *Gardiner v. Royer,* 167 Cal. 238,
139 Pac. 75.)

Stockholders are not individually liable at common law.
(*Pollard v. Bailey,* 87 U. S. 520, 526, 22 L. ed. 376; *Hunt v.
Ward,* 99 Cal. 612, 34 Pac. 335; *Dietrich v. Copeland Lumber
Co.,* 28 Ida. 312, 154 Pac. 626.)

MORGAN, J.—The complaint in this action was filed Octo-
ber 9, 1915, and was thereafter amended. Respondent ad-

mits, by general and special demurrer thereto, that shares of capital stock of the Coeur d'Alene North Fork Mining & Smelting Company, now held by him, are part of its total capitalization of 150,000 shares of the par value of $10 each, all originally issued on May 28, 1908, to one of three incorporators, in exchange for property worth not to exceed $500, but fraudulently overvalued; that by resolution for such exchange, spread upon the minutes of the corporation, the property was declared to be reasonably worth the purchase price and the stock issued therefor was made to appear fully paid up, all with the knowledge and consent of the stockholders and officers; that on February 11, 1915, appellant secured a judgment against the corporation for $11,515.13, being based on an indebtedness for goods sold and delivered between May 20, 1909, and April 13, 1912, a promissory note, dated October 20, 1911, due April 20, 1912, and certain other indebtedness, arising upon contract, created between April 19, 1909, and April 11, 1912; that respondent was a stockholder at all times when the indebtedness was incurred by the corporation; that for 4,500 shares of the stock he paid only $5 per share, and for the balance he paid no consideration whatever, and that the corporation is insolvent. Judgment was asked that the amount due and unpaid upon the stock held by respondent be determined, that he be required to pay it into court, and that therefrom be paid appellant's judgment and costs.

Respondent's demurrer was sustained on the ground that the cause of action was barred by the provisions of sec. 4077, Rev. Codes, as follows:

"This title does not affect actions against directors or stockholders of a corporation to recover a penalty or forfeiture imposed, or to enforce a liability created by law; but such actions must be brought within three years after the discovery by the aggrieved party of the facts upon which the penalty or forfeiture attached, or the liability was created."

This section, adopted by our state from California, appeared in a similar form in the laws of New York. The phrase "a liability created by law" was there construed to

mean a liability created by statute. (*Brinckerhoff v. Bost-wick,* 99 N. Y. 185, 1 N. E. 663.) This is, in effect, an action to enforce a stockholder's liability to the corporation, in the amount unpaid upon his stock, to the end that its creditor may realize upon his judgment. It is not an action to enforce a purely statutory liability in double the amount of, or in proportion to, the stock held by him. (7 R. C. L., p. 364; *Baines v. Babcock,* 95 Cal. 581, 29 Am. St. 158, 27 Pac. 674, 30 Pac. 776. See note, 3 Ann. Cas. 1120.)

Sec. 2745, Rev. Codes (amended Sess. Laws 1909, p. 157), is, in part, as follows: "Each stockholder of a corporation is individually and personally liable for its debts and liabilities to the full amount unpaid upon the par or face value of the stock or shares owned by him. Any creditor of the corporation may institute actions against any of its stockholders jointly or severally, and in such action the court must determine the amount unpaid upon the stock held or owned by each defendant, and a several judgment must be entered against him for a sum not exceeding such amount. . . . . " By this statute no new liability of the stockholder is created, but an old one is recognized and made available to corporate creditors. (10 Cyc. 649; *Brundage v. Monumental Silver Min. Co.,* 12 Or. 322, 7 Pac. 314; *Patterson v. Lynde,* 112 Ill. 196; *Patterson v. Lynde,* 106 U. S. 519, 1 Sup. Ct. 432, 27 L. ed. 265; *Stephens v. Fox,* 83 N. Y. 313; *Harmon v. Page,* 62 Cal. 448; *Clark v. Bever,* 139 U. S. 96, 11 Sup. Ct. 468, 35 L. ed. 88, see, also, Rose's U. S. Notes.)

At common law a stockholder was, to the extent of the amount unpaid on his stock, liable for the corporate indebtedness (7 R. C. L., p. 356), such liability being enforced in equity either through the corporation, represented by an assignee or a receiver, or by the creditors individually. (*Holmes v. Sherwood,* 16 Fed. 725.) By the provisions of the section last above quoted, a stockholder's liability, as at common law, is still for the corporate indebtedness only, and the extent thereof is still measured by the amount unpaid upon his stock. It follows that sec. 4077, Rev. Codes, does not apply and that an action by a creditor of a corporation,

to recover from a stockholder because of a balance due upon his stock, is governed by the general statutes of limitation. Whether, in this case, the period commenced with the maturity of the claims against the corporation or on the date of appellant's judgment based thereon, is immaterial for, in either event, it had not run prior to the commencement of the action.

The amended complaint is fatally defective in that it does not appear therefrom that respondent (who was not one of the incorporators or original subscribers to the stock) was a purchaser of shares with notice of fraud in the issuance thereof, or that the same were not fully paid for. Possessors of certificates of stock are, *prima facie*, presumed to be *bona fide* holders, and it was incumbent upon appellant to allege that respondent was not a holder in good faith without notice of the fraud charged. (*Finletter v. Appleton*, 195 Pa. St. 349, 45 Atl. 1063; *Hess v. Trumbo*, 27 Ky. Law Rep. 320, 84 S. W. 1153; *Steacy v. Little Rock etc. Ry. Co.*, 5 Dill. 348, 22 Fed. Cas. 1142.) At the most, respondent is only charged, by the facts alleged, with notice of what the corporate records show, which is that the stock has been fully paid for, in property, as permitted by Rev. Codes, sec. 2745. (*Steacy v. Little Rock etc. Ry. Co., supra; Du Pont v. Tilden*, 42 Fed. 87.)

A purchaser of stock, originally issued as fully paid up in exchange for fraudulently overvalued property, is not liable to corporate creditors for the unpaid balance of its par value in excess of the true value of the property, where he acquired the stock in good faith and without notice. (*Steacy v. Little Rock etc. Ry. Co., Du Pont v. Tilden, Hess v. Trumbo*, above cited; *Foreman v. Bigelow*, 4 Cliff. 508, 9 Fed. Cas. 427; *French v. Harding*, 235 Pa. St. 79, Ann. Cas. 1914B, 744, 83 Atl. 586; *Davies v. Ball*, 64 Wash. 292, Ann. Cas. 1914B, 750, 116 Pac. 833; *Rood v. Whorton*, 67 Fed. 434; *In re Remington Automobile & Motor Co.*, 153 Fed. 345, 82 C. C. A. 421; *Sprague v. National Bank of America*, 172 Ill. 149, 64 Am. St. 17, 50 N. E. 19, 42 L. R. A. 606; *West Nashville Planing Mill Co. v. Nashville Savings Bank*, 86 Tenn. 252, 6 Am. St. 835, 6 S. W. 340; *Coleman v. Howe*, 154 Ill. 458, 45 Am. St.

133, 39 N. E. 725; *Young v. Erie Iron Co.,* 65 Mich. 111, 31 N. W. 814; *Easton Nat. Bank v. American Brick & Tile Co.,* 69 N. J. Eq. 326, 60 Atl. 54; *Albitztiqui v. Guadalupe etc. Mining Co.,* 92 Tenn. 598, 22 S. W. 739; *Brant v. Ehlen,* 59 Md. 1; *Keystone Bridge Co. v. McCluney,* 8 Mo. App. 496; 10 Cyc. 483, 702; 1 Cook on Corporations, 7th ed., p. 258, sec. 50.)

If a demurrer, sustained by the trial court on an erroneous ground, is good on any ground, the ruling will not be reversed. (*Gagnon v. St. Maries Light etc. Co., Ltd.,* 26 Ida. 87, 141 Pac. 88.)

The judgment is affirmed. Costs are awarded to respondent.

Budge, C. J., and Rice, J., concur.

## ON PETITION FOR MODIFICATION OF DECISION.

### (March 31, 1919.)

MORGAN, C. J.—The soundness of that portion of the foregoing opinion which holds that the common law recognizes the liability mentioned in Rev. Codes, sec. 2745, amended, Sess. Laws 1909, p. 157, providing that a stockholder of a corporation is individually and personally liable for its debts to the full amount unpaid upon the par or face value of the stock owned by him, and that a creditor of the corporation may maintain an action against such stockholder, has been questioned.

The portion of sec. 4077 necessary to be interpreted in order to determine whether or not the three years statute of limitations applies is as follows: "This title does not affect actions against . . . . stockholders of a corporation to . . . . enforce a liability created by law." The question propounds itself: How is the liability mentioned in sec. 2745, as amended, created?

When a subscription to capital stock is made and the stock is issued and not paid for in full, the corporation may place itself

in position whereby it cannot recover further payments from the subscriber. However, its creditors may exact payment of any remaining balance upon the subscription in order that his debt due from it may be paid. This liability is recognized at common law and by statute. The most that can be said for the statute is that it declares a well-settled and familiar principle of the common law which recognizes the contractual obligation the subscriber and his assignee, who has purchased stock with notice that it has not been paid for, owe to pay the subscription price, which obligation may be enforced by, or on behalf of, a creditor of the corporation.

In some jurisdictions two kinds of liability, arising out of the ownership of stock, exist and they must not be confused. One is that the subscriber, or his assignee who has purchased the stock with notice that it has not been paid for, must, if necessary to pay the corporate debts, pay his subscription. This is a debtor's liability, created by the contract of subscription, and is recognized by the common law. Rev. Codes, sec. 4077, does not apply to it. The other, if it exists at all, is created solely by statute, for it does not have its origin in contract and was not known at common law. It is the liability of a stockholder to contribute to the payment of the corporation's debts in addition to the full payment of the subscription for his stock. (*Harmon v. Page,* 62 Cal. 448; *Baines v. Babcock,* 95 Cal. 581, 29 Am. St. 158, 27 Pac. 674, 30 Pac. 776; *Potter v. Dear,* 95 Cal. 578, 30 Pac. 777.) It is to this form of liability that sec. 4077 was intended to apply. Whether it does or not, or whether such a liability can exist in Idaho, depends upon the construction to be given to art. 11, sec. 17, of the constitution, when it is properly before the court for interpretation. That section provides: "Dues from private corporations shall be secured by such means as may be prescribed by law, but in no case shall any stockholder be individually liable in any amount over or above the amount of stock owned by him." Should that section be found to mean that a stockholder's statutory liability cannot exist in Idaho, then sec. 4077 will have no application, but that constitutional provision certainly cannot be so construed as to

exempt a stockholder from the payment of his debt arising out of an unpaid subscription.

Appellant has petitioned for a modification of our decision to the end that the cause be remanded to the district court for such further proceedings as it may deem proper to take, including the right to determine whether he shall be permitted to amend his complaint so as to allege bad faith on the part of respondent in the purchase of his stock.

While this petition was pending Mr. Laurel E. Elam appeared as a friend of the court and filed a brief wherein it is urged that *bona fides,* in a case of this kind, is a matter of defense, and that the burden of alleging and proving it is upon the stockholder.

After a careful examination of the authorities upon this point we are constrained to adhere to the conclusion announced in the opinion to the effect that, it being disclosed by the complaint that the certificates of stock were issued as, and appeared on the corporate books to be, fully paid for, it was incumbent upon appellant in this case to allege that respondent was not a holder in good faith, without notice of the fraud charged, since that is a necessary element of the liability of the latter, if any exists, and, therefore, a necessary link in the chain of proof in order that the former may recover.

Appellant's request is reasonable and the decision is modified to the extent that the cause is remanded to the trial court, with instructions to take such further proceedings therein as may appear to be in accordance with justice, including authority to hear and determine appellant's motion to amend his complaint, should one be made within ten days after the filing of the *remittitur.* (Rev. Codes, sec. 3818; *Boise City v. Artesian etc. Co.,* 4 Ida. 351, 392, 39 Pac. 562, 566.) If such motion is not made within that time, the judgment of the trial court will stand affirmed.

Rice, J., concurs.

District Judge Dunn sat with the court, but did not participate in the opinion.