(May 4, 1920.)

CHARLES SMOOT, Respondent, v. NORMAN J. LARSEN, Administrator of the Estate of NIELS C. LARSEN, Deceased, Appellant.

[189 Pac. 1105.]

CORPORATIONS — STOCKHOLDERS — TRANSFEREES — LIABILITY OF—BONA FIDE HOLDERS — PRESUMPTIONS — PLEADING — COMPLAINT—SUFFICIENCY OF.

    1. A transferee of certificates of stock is *prima facie* presumed to be a *bona fide* holder, and it is incumbent upon a corporate creditor seeking to hold such transferee for any balance

―――――――

1. On the liability of transferee of corporate stock for debts of corporation, see notes in 3 **Ann. Cas.** 1120; **Ann. Cas.** 1914B, 754.

actually unpaid upon the face or par value of his stock to allege that the latter was not a holder in good faith without notice of the unpaid balance due upon said stock.

APPEAL from the District Court of the Third Judicial District, for Ada County. Honorable Charles P. McCarthy, Judge.

Action by corporate creditor to recover from stockholder unpaid balance on par value of stock issued in exchange for fraudulently overvalued property. Judgment for plaintiff. *Reversed.*

P. E. Cavaney and John Jackson, for Appellant.

Stockholders who are not original incorporators, and who buy stock in good faith, relying upon its being paid-up stock and nonassessable, are good faith purchasers and not liable for debts of the corporation. (*Young v. Erie Iron Co.,* 65 Mich. 111, 31 N. W. 814; *French v. Harding,* 235 Pa. St. 79, Ann. Cas. 1914B, 744, and note, 83 Atl. 586; *Reid v. De Jarnette,* 123 Ga. 787, 3 Ann. Cas. 1117, and note; 51 S. E. 770.)

The burden of proof to establish that the stock which appellant held had not been paid for was upon the respondent in this case. (*Trotter Bros. v. Blount,* 162 Ala. 289, 50 So. 130.)

The purchaser of stock fully paid and nonassessable is presumed to be a *bona fide* purchaser and not liable for the corporate debts. (*Davies v. Ball,* 64 Wash. 292, Ann. Cas. 1914B, 750, 116 Pac. 833; *Johnson v. Lullman,* 88 Mo. 567, affirming 15 Mo. App. 55; *Keystone Bridge Co. v. McCluney,* 8 Mo. App. 496; *Finletter v. Appleton,* 195 Pa. St. 349, 45 Atl. 1063; *Steacy v. Little Rock etc. R. Co.,* 5 Dill. 348, 22 Fed. Cas. (No. 13,329) 1142.)

If any presumption of fact arises from the face of a stock certificate in the customary form, it is that the stock is fully paid. (*Du Pont v. Tilden,* 42 Fed. 87; *Erskine v. Loewenstein,* 82 Mo. 301; *Cleveland Rolling Mill Co. v. Texas etc.*

*R. R. Co.,* 27 Fed. 250; *West Nashville etc. Mill Co. v. Nashville Sav. Bank,* 86 Tenn. 252, 6 Am. St. 835, 6 S. W. 340.)

The presumption of fair dealing is in favor of the transferee of stock. (*Troup v. Herbach,* 53 Neb. 795, 74 N. W. 326.)

A *bona fide* transferee has a right to rely on the representations of the corporation that the stock is fully paid. (*Davies v. Ball, supra; Bonet Construction Co. v. Central Amusement Co.,* 153 Mo. App. 185, 132 S. W. 270.)

Laurel E. Elam, for Respondent, cites no authorities on points decided.

BUDGE, J.—This action was brought by respondent as a. creditor of the Boise Natural Hot Water Heating Company, Ltd., a corporation, to recover an amount owed him by the corporation from appellant, a stockholder therein, upon the theory that the stock was issued in exchange for fraudulently overvalued property, and that the stockholder is liable for the balance actually unpaid upon the par or face value of the stock held by him. A demurrer, both general and special, was interposed to the complaint and was overruled. Appellant answered. The cause was tried by the court. At the conclusion of the respondent's case appellant made a motion for a nonsuit, one of the grounds being that the complaint did not state facts sufficient to state a cause of action. The motion for nonsuit was denied, and the appellant refusing to introduce any evidence, findings of fact and conclusions of law were entered in favor of respondent as prayed in his complaint. A motion for a new trial was overruled. This appeal is from the judgment and from the order overruling the motion for a new trial.

It will not be necessary to discuss all of the assignments of error, for we have taken the view that the case can be decided on the demurrer to the complaint. Nor is it necessary to recite in detail the allegations thereof. It is sufficient to observe that those allegations are to the effect that the stock of the corporation was originally issued in ex-

change for property grossly overvalued, that appellant was not one of the original incorporators, or a purchaser of treasury stock, but was a transferee, and that the stock which he held was a part of the stock originally issued to one Boggs. Nowhere in the complaint is it alleged that appellant either had knowledge or such notice as would impute to him knowledge that the stock had not been fully paid for. In other words, the complaint does not allege that appellant was not a holder of stock in good faith and without notice, and that is an indispensable element of the liability sought to be enforced against him.

The rule is that a transferee of certificates of stock is *prima facie* presumed to be a *bona fide* holder, and it is incumbent upon a corporate creditor seeking to hold such transferee for any balance actually unpaid upon the face or par value of his stock to allege that the latter was not a holder in good faith without notice that the stock had not been fully paid for. (*Feehan v. Kendrick,* 32 Ida. 220, 179 Pac. 507, wherein the leading American authorities are collected; *Burkinshaw v. Nicolls,* L. R. 3 App. Cas. 1004, 1017; *Cleveland Rolling-Mill Co. v. Texas & St. L. Ry. Co.,* 27 Fed. 250.)

The demurrer to the complaint should have been sustained. The judgment is reversed. Costs are awarded to appellant.

Morgan, C. J., concurs.

RICE, J., Dissenting.—C. S., sec. 4728, contains the following provisions:

"Each stockholder of a corporation is individually and personally liable for its debts and liabilities to the full amount unpaid upon the par or face value of the stock or shares owned by him.

"Any creditor of the corporation may institute actions against any of the stockholders jointly or severally, and in such action the court must determine the amount unpaid upon the stock held or owned by each defendant, and a sev-

eral judgment must be entered against him for a sum not exceeding such amount. . . . .

"No corporation shall issue any stock as paid up, in whole or in part, or credit any amount, assessment or call as paid upon any of its stock, except for money, property, labor or services, actually received by the corporation, or actually paid upon the indebtedness of the corporation, as provided in this section, to the full value of the amount credited upon such stock.

"If any stockholder of any insolvent corporation pays the full amount unpaid upon the stock held by him as above defined, upon the overdue debts of the corporation, incurred while he was such stockholder, he is relieved from any further personal liability upon his stock, but not from any liability for fraud, neglect or misconduct. The liability of such stockholder is determined by the amount of stock or shares owned by him at the time the debt or liability was incurred by the corporation, and such liability is not released or discharged by any subsequent transfer of stock. . . . . "

The complaint upon which this action was founded, as finally amended, contained allegations of facts which brought appellant's intestate within the provisions of the section above quoted and showed his liability thereunder. It was not disclosed by the complaint as to whether or not the stock appeared upon its face to be fully paid, or whether or not the books of the corporation showed that it had been fully paid. In this respect the complaint differs from that in the case of *Feehan v. Kendrick*, 32 Ida. 220, 179 Pac. 507. In my opinion, the complaint in this case states a cause of action.

C. S., sec. 4729, contains provisions whereby a corporation may issue certificates of stock prior to the full payment thereof under such restrictions and for such purposes as its by-laws may provide. At common law a transferee or purchaser of corporate stock is subrogated to all rights and powers and subjected to all duties and liabilities of the

original stockholder. (14 C. J. 1017; *Webster v. Upton,* 91 U. S. 65, 23 L. ed. 384, see, also, Rose's U. S. Notes.)

The rule announced in *Feehan v. Kendrick, supra,* is as follows: "A purchaser of stock, originally issued as fully paid up in exchange for fraudulently overvalued property, is not liable to corporate creditors for the unpaid balance of its par value in excess of the true valuation of the property, where he acquired the stock in good faith and without notice." The reason for the rule is stated as follows in the case of *Brant v. Ehlen et al.,* 59 Md. 1: "Where shares of stock are issued to be paid in certain instalments, the law implies a promise on the part of the subscriber and his assignee that they will pay whatever may be due thereon according to the terms of the subscription. But where shares are issued as fully paid, and these are sold in open market, and one buys them in good faith on the representation of the company that they are paid up, no promise can be implied on the part of the purchaser to become liable if such shares have not in fact been paid." Unless a complaint by a creditor of a corporation against a stockholder thereof seeking to recover an unpaid portion of the par value of his stock to satisfy an indebtedness against the corporation states facts which bring the stockholder within the rule above announced, both under the common law and under our statute, the burden is upon the stockholder to allege and prove facts which exempt him from liability within the rule. I do not think there is any presumption in favor of a transferee of corporate stock to the effect that the stock has been issued as fully paid, or that the transferee has acquired the same in the open market in good faith and without notice. If there is any presumption at all in such a case, I think it is to the effect that the transferee acquired the stock subject to the charge against it for the unpaid portion of the par value thereof. (See *Wishard v. Hansen,* 99 Iowa, 307, 61 Am. St. 238, 68 N. W. 691; *Fouche & Fouche v. Merchants' Nat. Bank,* 110 Ga. 827, 36 S. E. 256; *Burkinshaw v. Nicolls,* L. R. 3 App. Cas. 1004; *Ryan v. Jacques,* 103 Cal. 280, 37 Pac. 186.)

I am also of the opinion that evidence was produced at the trial in support of all the material allegations of the complaint.

Appellant contends that the stockholder's liability is secondary, and therefore proof of judgment against the corporation and return of execution to the effect that no property of the corporation was found is not evidence against him of corporate indebtedness or corporate insolvency. But such a judgment, whether conclusive or not, is at least *prima facie* evidence of the indebtedness and of the insolvency. (14 C. J. 1062; *Hawes v. Anglo-Saxon Petroleum Co.*, 101 Mass. 385; *Wheatley v. Glover*, 125 Ga. 710, 54 S. E. 626.)

Appellant having elected to stand upon his motion for nonsuit, I think that the judgment was properly entered for the respondent and should be affirmed.