The Atchison, Topeka & Santa Fe Railroad Company v. David M. Chenoweth and George Maxted.

### No. 92.

1. Demurrer to Evidence — *should be overruled where some evidence sustaining every material allegation of petition.* Where there is some evidence introduced tending to sustain each material allegation of the petition, a demurrer to the evidence should be overruled, and such evidence is properly submitted to the jury.

2. Assignment — *cause of action for tort, not assignable even to one already interested.* A cause of action arising in tort is not assignable, and the fact that the attempted assignment is made to one who is already interested in the loss, does not take it out of the rule.

A. T. & S. F. Rld. Co. v. Chenoweth.    811

June 18, 1897.    Opinion.    Dennison, P. J.    W. Div.

Error from Comanche District Court.    Hon. Francis C. Price, Judge.    Opinion filed June 18, 1897. *Modified.*

A. A. *Hurd*, O. J. *Wood*, and W. *Littlefield*, for plaintiff in error.

W. J. *Jackson*, and T. G. *Chambers*, for defendants in error.

Dennison, P. J.    This action was brought in the District Court of Comanche County by David M. Chenoweth and George Maxted, as plaintiffs, against the Atchison, Topeka & Santa Fe Railroad Company, as defendant, to recover the damages alleged to have been sustained by them by reason of the alleged destruction of eighty tons of prairie hay belonging to the plaintiffs, caused by a fire set out in the operation of the railroad belonging to the plaintiff in error. The petition alleges, and the evidence discloses, that these defendants in error and one Thomas Burtnett owned jointly the hay destroyed, and that Thomas Burtnett attempted to sell and assign to said Chenoweth all his rights and claims against the Railroad Company.

The plaintiff in error contends that the court erred in admitting some of the evidence of J. A. Wright and A. M. Meeley.    We have carefully examined the testimony of these two witnesses and find that no material error prejudicial to the substantial rights of the plaintiff in error was committed by the court in its rulings upon the introduction thereof.

The next contention is that the court erred in overruling the demurrer to the evidence.    It is claimed that there was no evidence that the fire which caused the damage occurred in the operation of the road, or

that the Company by its agents or servants set out the fire. A. M. Meeley testified that he lived about a mile and a half east of Coldwater, and that he first saw the fire from his house, in the morning between eight and nine or ten o'clock; that it started on the right of way of the Santa Fe Railroad Company; that he saw a man over there, and afterward went over and discovered that it was Mr. Patterson, the section foreman; that he — Meeley — went east of where the fire started about a mile to fight the fire, and that during the day, while he was on the way back from fighting the fire, Mr. Patterson told him that he set it out and it got away from him. Meeley further testified that the fire started on the right of way where Patterson was burning fire-guards. He further testified that, the day before the fire, Mr. Patterson came to him and asked him to help burn fire-guards. The testimony discloses that the hay burned was some ten miles from where the fire was started, and that the fire did not reach it until three or four o'clock in the afternoon. There was certainly some evidence tending to show that the admissions of the section foreman were made while the fire was burning and before the hay was consumed, and that the fire escaped from the section foreman while he was engaged in burning fire-guards upon the right of way of the Railroad Company. This was properly submitted to the jury.

It is also claimed that the demurrer to the evidence should have been sustained because Burtnett attempted to assign to Chenoweth a cause of action arising in tort. It is argued by the defendant in error that the assignment to Chenoweth was proper because he was already interested in the loss. It is admitted that, but for this fact, the cause of action is not assignable. The fact that the assignment is attempted to be made

to one interested in the loss does not take it out of the rule.    This, however, will not necessitate the granting of a new trial in this case.    Chenoweth and Maxted may maintain the action to recover for their share of the loss, and, if the defendant desired to object to their maintaining the suit, the objection should have been raised upon the question of a defect of parties plaintiff.

The jury assessed the amount of damages at $421.40. The interest of Burtnett was for one-third of this amount, and should not have been included in the judgment.

The judgment of the District Court will be modified, and the cause remanded with instructions to deduct one-third of $421.40 from the judgment.    The costs in this court will be divided equally between the parties hereto.