ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY
v. THE KANSAS FARMERS' INSURANCE COMPANY.

#### No. 260.

1. PRACTICE — *Amendment* — *Trial Theory* — *Assignment and Subrogation.* Where the plaintiff, while a motion to make the petition more definite and certain was pending, under leave of the court, struck out, voluntarily, from its petition an allegation as to subrogation, and where the case was thereafter tried as upon a direct written assignment of the cause of action, *held*, that the question as to the right of subrogation is eliminated and cannot be considered in this court.

2. ———— *Tort* — *Fire Damage* — *Non-Assignable Cause of Action.* "Under our statutes, a right of action against a party for negligently and wrongfully destroying property by fire is not assignable." (*K. M. Rly. Co. v. Brehm*, 54 Kan. 751.)

Error from Elk district court; A. M. JACKSON, judge. Opinion filed June 15, 1898. Reversed.

*A. A. Hurd*, and *Stambaugh & Hurd*, for plaintiff in error.

*Douthitt & Ayres*, for defendant in error.

The opinion of the court was delivered by

MILTON, J. : In its petition, the insurance company, as plaintiff, alleged payment by it under a policy of insurance for $1000 to one Freeman, the assured party, of $648, the same being three-fourths of his loss occasioned by the burning of several stacks of wheat through the negligence of the railroad company, and a written assignment by Freeman to the plaintiff of his claim against the railroad company to the extent of such payment, the assignment being made a part of the petition. The petition also alleged that by such payment to Freeman " the plaintiff became and was subrogated to all the rights of the

said Freeman in the premises, and as evidence of this subrogation the said Freeman assigned to the plaintiff,'' etc.

While the hearing was pending upon defendant's motion to require the petition to be made more definite and certain by separately stating and numbering, ''first, the pretended cause of action based upon subrogation of the claim; next, the pretended cause of action based upon an alleged assignment of the claim,'' the plaintiff asked leave to strike from the petition the allegation respecting subrogation. Leave was granted, and the allegation was eliminated. The defendant then filed a demurrer to the petition as thus amended, one of the grounds therein being that the plaintiff's action was based ''upon an assignment of a part of the damages suffered by reason of a tort''; and another being a defect of parties plaintiff, the petition disclosing that the right, if any, to recover for the alleged tort was in favor of Freeman, and that he had not assigned his whole right of recovery, but only a portion thereof. Afterwards, and without action having been taken upon this demurrer, the plaintiff filed another '' amended petition,'' of which the assignment was made a part, no mention of subrogation being made. It is also alleged that after the aforesaid payment to Freeman, and before the filing of the petition in this acton, the defendant had paid to Freeman '' the other one-fourth of his loss on the wheat aforesaid, (and) that this one-fourth was paid to the said L. A. Freeman with full knowledge of the premises,'' and that Freeman had no further claim against the defendant by reason of his loss by the fire. The defendant again demurred, the two grounds being failure to state facts sufficient to constitute a cause of action, and '' that

said action cannot be maintained by said plaintiff upon the assignment of part of the damages suffered by reason of an alleged tort committed by the defendant." This demurrer was overruled, and the defendant answered with a general denial and an averment of a full settlement with Freeman for all damages which he had suffered by reason of the destruction of his property before the plaintiff had given any notice to the defendant, and prior to any notice being received ·by the defendant respecting any assignment of any portion of the claim to the plaintiff.

As is indicated by .the foregoing statement, and quite clearly shown by the instructions given and refused, the plaintiff and the trial court adopted the theory in this case that the plaintiff was entitled to sue and recover upon the written assignment made to it by Freeman of a part of his claim against the railroad company. The plaintiff struck from its petition all reference to subrogation. That question was thus eliminated from the case. Under the circumstances, we think the defendant in error should be bound by its trial-court theory. (*Sandusky M. & A. Works v. Hooks,* 49 N. W. Rep. [Iowa] 61; *Altman & Taylor Co. v. Gunderson,* 60 N. W. Rep. [S. Dak.] 859; *Witascheck v. Glass,* 46 Mo. App. 209, also Elliott's Appellate Procedure, §§ 494–496, and the numerous cases there cited sustaining the proposition "that a party cannot successfully change his theory on appeal where it is embodied or outlined in the pleadings upon which the issues were framed.")

The question as to assignability of a cause of action arising from a tort has been settled by the supreme court of this state. In *K. M. Rly. Co. v. Brehm,* 54 Kan. 751, the syllabus reads:

"Under our statutes, a right of action against a

29—7 KAN. APP.

party for negligently and wrongfully destroying property by fire is not assignable.''

In *McCrum v. Corby*, 11 Kan. 464, 470, it was said : '' Under our statutes, every chose in action is assignable except a tort, the same as it was in equity.''

The decision in *C. B. & Q. Rld. Co. v. German Ins. Co.*, 2 Kan. App. 395, which is cited by counsel for defendant in error, does not appear to be applicable to the present case. There the insurance company did not sue as an assignee, but claimed to derive its right of action by subrogation.

The record shows that, by reason of seasonable objections and exceptions, the plaintiff in error is in a position to raise the question here considered. The judgment of the district court is reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.