ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY v. DANIEL W. NEET, FRED GEIER, W. H. HOLLINGER, AND THE AMERICAN FIRE INSURANCE COMPANY.

### No. 276.

1. PRACTICE—*Joint Plaintiffs—Insurer and Insured.* An insurer may join with the insured as plaintiff to recover for the loss of property negligently destroyed by fire.

2. ——— *Subrogation, Extent of—Insurance.* When an insurance company has paid a loss under a valid and binding policy, it can, in an action against the person who negligently destroyed such property, be subrogated to the rights of the insured in the judgment rendered against such person, but only to the amount which it has paid to the insured.

3. ——— *Assignment of Right of Action for Tort.* The cases of *K. M. Rly. Co. v. Brehm*, 54 Kan. 751, and *A. T. & S. F. Rld. Co. v. Chenoweth*, 5 Kan. App. 810, cited and followed.

Error from Crawford district court; J. S. WEST, judge.    Opinion filed August 18, 1898.    Reversed.

*A. A. Hurd, O. J. Wood,* and *W. Littlefield,* for plaintiff in error.

*Morris Cliggitt,* and *B. S. Gaitskill,* for defendants in error.

The opinion of the court was delivered by

DENNISON, P. J. :  This action was commenced in the district court of Crawford county by the defendants in error against the railroad company, to recover damages sustained by reason of the burning of a church building and its contents, and the shade-trees, fences, and other property, belonging to the church association.    It is alleged that they were destroyed by a fire set out by the company in the operation of its railroad.    The petition alleges, among other things, that the insurance company had issued a policy of insurance upon the church building and its contents, and that, by reason thereof, the insurance company became liable to the trustees of the Mount Olive Baptist Church, and paid to them the sum of $973, and received from the trustees an assignment of 66⅔ per cent. of their claim against the plaintiff in error, and that the insurance company became and is subrogated to the rights of the trustees to that extent.    The petition sets out a copy of the assignment and subrogation.    Verdict and judgment for the defendants in error in the sum of $1223, and $100 as attorney's fees.

Upon the trial, the plaintiffs below introduced evidence tending to prove ownership in the members of the church, the loss, and amount of damage, and that the fire was caused in the operation of the railroad.

No evidence was introduced by the insurance company proving that it had paid any part of the loss to the trustees of the church or to any one else. The plaintiff in error demurred to the petition upon the ground that several causes of action were improperly joined, and that the petition did not state facts sufficient to constitute a cause of action in favor of the plaintiffs and against the defendant. The plaintiff in error also demurred to the evidence of the defendants in error on the ground that it was not sufficient to prove a cause of action in favor of the plaintiff and against the defendants. Both these demurrers were overruled by the court.

There is but one cause of action in the petition. It is alleged that the company negligently set out a fire in the operation of its railroad, and that the fire did but one thing, and that was, it destroyed the property of the church association. This court held, in *A. T. & S. F. Rld. Co. v. Huitt*, 1 Kan. App. 788, that an insurer and insured might join as plaintiffs to recover for the loss of property negligently destroyed by fire, and that the insurer could be subrogated to the rights of the insured in the judgment rendered in his favor to the extent of the loss paid by the insurer. The demurrer cannot, therefore, be sustained upon the ground that several causes of action are improperly joined. The petition states a cause of action, but we do not decide whether it states a cause of action in favor of the plaintiffs below jointly.

Where an insurance company has paid a loss under a valid and binding policy upon property which has been negligently destroyed by fire, the insurance company can be subrogated to the rights of the insured in the judgment rendered in proceedings brought for that

purpose, but only for the amount which it has paid to the insured.

No question can be raised in this case as to whether the insurance company can be subrogated to the rights of the trustees of the church for the amount of the loss it paid under the insurance policy, for the reason that there is an entire absence of proof that it ever paid anything under said policy. It is earnestly contended by counsel that the insurance company can recover upon the assignment. We shall hold otherwise. The supreme court held, in *K. M. Rly. Co. v. Brehm*, 54 Kan. 751, that, "Under our statutes, a right of action against a party for negligently and wrongfully destroying property by fire is not assignable." This court followed that decision in *A. T. & S. F. Rld. Co. v. Chenoweth*, 5 Kan. App. 810. Should the supreme court desire to again investigate that question, they will find the brief of defendant in error in this case a very able and exhaustive one upon that proposition. It is our duty to again follow the doctrine established by the supreme court.

The evidence — including the assignment, which was not put in issue by a verified denial — does not tend to establish facts sufficient to sustain a joint judgment in favor of the plaintiffs. The insurance company could not obtain an interest in the amount due for the destruction of the shade-trees, etc., because they were not insured by it. It could be subrogated to the rights of the trustees only in whatever judgment they might obtain for the destruction of the insured property, in the amount it had actually paid to them upon the policy.

Having decided the legal propositions advanced, it is unnecessary to make an application of them to each assignment of error upon which they are argued. It

is enough to say that the court erred in rendering a joint judgment in favor of the trustees of the church and the insurance company in this case.

The judgment of the district court is reversed, and the cause remanded for a new trial.