[No. 5751.]

BRENNAN v. THE AMERICAN SULPHUR AND MINING Co.

1. **Appeals—Former Judgment** — Decree upon one issue in the cause, the judgment on an appeal from that decree does not conclude the parties as to a separate and distinct issue left undetermined in the first hearing.—(253)

2.  **Questions Not Presented Below**—Errors of procedure in a respect not called to the attention of the trial court which prevented the defeated party from taking the proper steps to preserve his rights and which, if attention had been called to them, might have been then avoided, will be corrected.—(254)

3.  **Practice**—Stipulations of counsel, though verbal, if not denied, will be enforced.—(255)

*Appeal from Mineral District Court*— Hon. CHARLES C. HOLBROOK, Judge.

Mr. A. L. MOSES, for appellant.

Messrs. MORRISON & DE SOTO, and Mr. C. H. PIERCE, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Plaintiffs secured a lease from the state on certain school lands, situate in the county of Mineral. They at once entered into possession and began developing sulphur deposits located therein. The appellees claimed a prior right in these deposits, and threatened to oust appellants from the possession of the premises. Appellants applied to the district court *ex parte,* and secured a preliminary injunction restraining the appellees from interfering with their possession. Before this writ was served, appellees, by force, ousted the appellants from the premises and took possession, and converted to their own use certain personal property of appellants, so it is alleged in a supplemental complaint filed by the latter, which will be noticed later. After this action, the appellees petitioned the State Land Board to cancel the leases obtained by appellants, upon the ground that they had been guilty of misrepresentation in procuring them.

The appellees filed a demurrer to the complaint, and the case was allowed to stand upon the complaint and demurrer, pending a hearing before the State Land Board. That board, after a hearing, passed a resolution cancelling the leases to appellants, and within a few days thereafter, gave a lease on the same property to appellees. Thereafter the demurrer to the complaint was overruled, and appellants filed the supplemental complaint above referred to, in which they alleged in substance that, after the issuance of the temporary writ of injunction, but before the service thereof, the appellees, with force and arms and by threats of violence, ousted the appellants from, and entered upon, the leased premises, tore down their tents and took possession of their beds, tools, supplies and other personal property, and appropriated the same to their own use, and likewise wasted and destroyed a large amount of ores which the appellants had mined from the leasehold premises. They also pleaded other facts upon which actual damages were predicated, and prayed judgment for the damages claimed to have been so sustained. They also pleaded facts upon which they based a claim for exemplary damages, and prayed judgment accordingly. Such further proceedings were had that the issues were made up on the original complaint, and the defense thereto interposed by appellees, and the case came on for trial. Prior to the trial, the following order was entered:

"The plaintiffs ask leave to withdraw their supplemental complaint and stand upon their original complaint, which motion is allowed, there being no objection by the defendants, and have also leave to file a supplemental complaint when, and as, they may be advised by counsel to be essential to the proper presentation of their case, and when allowed by the court."

Later, the following order was entered:

"And pursuant to stipulation of parties hereto, here in open court, the supplemental complaint herein is withdrawn without prejudice to plaintiffs."

The trial was limited to the single question of which leases were valid, and resulted in a judgment in favor of the plaintiffs, from which judgment an appeal was taken by the defendants to the Court of Appeals. That tribunal reversed the judgment of the district court. The opinion will be found in 20 Court of Appeals, 439, where there is a more elaborate statement of the facts than we have given; but those we have stated are sufficient for an understanding of the one question we are called upon to determine.

The judgment of the Court of Appeals was based upon the ground that the leases executed by the Land Board to the defendants were valid, while the one executed to the plaintiffs was invalid. The judgment directed is the last paragraph of the opinion, and is as follows:

"The judgment is reversed and the cause remanded for further proceedings in conformity with this opinion."

After the case was remanded to the district court and again brought on for hearing, two decrees were tendered, one by the defendants, and the other by the plaintiffs. The decree tendered by the former was to the effect that the equities of the case were with the defendants; that the company was the rightful owner as lessee of the premises in dispute, and was entitled to the possession thereof; that the injunction theretofore issued be dissolved; and that defendants have and recover their costs from the plaintiffs.

The decree tendered by plaintiffs was to the same effect, with this addition:

"That this cause stand for trial upon all other questions made by the supplemental complaint herein at a time to be agreed upon between counsel or fixed by the court."

The decree presented by the defendants was adopted as the judgment of the court, for the reason, as stated in the language of the presiding judge:

"In the case of Brennan & Statton against The American Sulphur Company, it seems to me that the intention of the Court of Appeals in the last view that that court has taken, is to determine and conclude the rights and claims of the plaintiffs in this matter all together. I will adopt the form of decree which the defendant has submitted."

At this time, counsel for plaintiffs offered to prove, by affidavits and by admissions of counsel in open court when the decrees were tendered, that it had been stipulated between counsel that the withdrawal of the supplemental complaint should be without prejudice to the trial of the matters set up in that pleading, either in the present suit or in another action to be brought after the other questions in the case had been determined. This offer was refused. That such was the stipulation of counsel, is set at rest by an admission of counsel for defendants in one of their briefs. In discussing the question of the stipulation, they say: "And the counsel for the plaintiffs allege a verbal stipulation made in open court, that the evidence at the original trial was to be confined to the merits of the issue tendered by our cross-complaint, and that the other issues should be tried later. That such was the understanding between Mr. Richardson, then counsel for plaintiffs, and ourselves, we concede, and have never denied; but that stipulation was predicated upon the fact of possible affirmance of the original judg-

ment, in which case there would·remain other issues,
to-wit, the assessment of damages.''

From the judgment as entered, the plaintiffs
bring the case here for review on appeal.

Appellees filed a motion to dismiss this appeal,
which was denied, with leave to renew on final hear-
ing.  This motion has been renewed, and the dispo-
sition of the questions thereby raised will dispose of
the appeal upon its merits.  It is claimed that the
judgment appealed from is the judgment directed
by the Court of Appeals, and therefore an appeal
therefrom does not lie.  Plaintiffs are not complain-
ing of the judgment in so far as it is in accordance
with the opinion of the Court of Appeals to the ef-
'fect that the leases to appellants were invalid, and
the one to appellees valid.  What they complain of·
is the action of the court in refusing them a trial
of the issues tendered by their supplemental com-
plaint in so far as thereby they sought to recover
damages from the defendants for their alleged
wrongful acts.  These matters were excluded from
the first trial.  The orders to which we have referred
and the stipulation of counsel show that it was the
intention and agreement of the parties to litigate the
question of damages later.  That question was not
before the court of appeals, and necessarily could
not be.  An issue made by the pleadings not inci-
dental or essential to the determination of the sub-
ject-matter of the action relating to a distinct and
separate matter, and which the record shows was
left undetermined, although it might have been ad-
judicated in the trial, is not concluded by the judg-
ment.—*Johnson v. Johnson,* 20 Colo. 143.  The va-
lidity of the lease to appellees, or the invalidity of
the one to appellants, would not justify the former
in committing the acts charged in the supplemental
complaint.  They were not incidental or essential to

the determination of the question of the validity of the respective leases, but, on the contrary, related to a distinct and separate cause of action, so that the judgment directed by the court of appeals did not, and could not, in any manner settle the question of damages set up in the supplemental complaint, for the reason that it was expressly excluded at the trial of the case in the district court.

In support of the motion to dismiss it is also urged that, as the record discloses that the supplemental complaint of plaintiffs had been withdrawn, there was nothing upon which to base the provision in the decree tendered by them to have the cause set for trial on the issue of damages thereby claimed until that pleading was refiled. It may be true that the supplemental complaint must be refiled, but however that may be, that question is not involved. It was not presented to the trial court, and was not urged in support of the judgment rendered. A judgment may be affirmed for a reason other than the one which influenced the trial court, and should not be reversed merely because it was based upon a wrong reason. But when it appears that a wrong reason adopted by the trial court precluded the defeated party from taking the proper steps to preserve his rights, and they relate to a question of practice which might have been complied with had attention been directed to it, the error should be corrected on review.—*Crosby v. Woodbury,* 37 Colo. 1.

The trial court based its rulings and judgment denying the plaintiffs the right to litigate the question of damages as presented by the supplemental complaint upon the assumption that this question was foreclosed by the judgment of the court of appeals. This was error, for the reason, as already given, that this question was not before that tribunal, and was still open to be litigated. Hence, a ruling

and judgment which necessarily prevented the proper steps being taken to bring the issue of damages as tendered by the supplemental complaint on for trial, was erroneous. Stipulations between attorneys relating to the conduct of a suit should be enforced unless good cause is shown to the contrary.

The judgment of the district court, in so far as it precluded the plaintiffs from litigating the question of damages upon facts alleged to have occurred subsequent to the filing of the original complaint, is reversed, and the cause remanded for such proceedings thereon as will accord with law and rules of practice.                    *Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.