(September 1, 1926.)

WILLIAM MacLEOD, Appellant, v. E. E. STELLE, Respondent, and GEORGE D. SATTERFIELD, Appellant, v. E. E. STELLE, Respondent.

[249 Pac. 254.]

PLEADING — MATTERS NOT DEMURRABLE — NONASSIGNABLE CAUSES OF ACTION — PARTIES — REAL GROUND OF DEMURRER NOT STATED— PLEADING TOLLING OF STATUTE OF LIMITATIONS—MOTION TO STRIKE UNAVAILABLE — CORPORATIONS—FRAUD—ELECTION OF REMEDIES— CAUSE OF ACTION NOT STATED—CAUSE OF ACTION ASSIGNABLE— CAUSES OF ACTION FOR FRAUD PROPERLY JOINED — APPEAL AND ERROR — DECISION SUSTAINING DEMURRER PLACED ON WRONG GROUND—RELIEF GRANTED—COSTS—DISCRETION OF COURT EXERCISED.

1. Complaint, because on several assigned causes of action not assignable, is not demurrable on ground of causes improperly united; assignability not being, under C. S., sec. 6688, test of right to join in one complaint.

2. Complaint on several assigned causes of action is not, because they are nonassignable, subject to demurrer for defect of parties.

3. That plaintiff is not real party in interest is not ground for demurrer for defect of parties plaintiff, but is ground for demurrer for failure to state cause of action.

4. As between assignor and assignee on a completed assignment, assignee is the real party in interest.

5. "No legal capacity to sue," as ground for demurrer, is distinct from failure to state right of action in plaintiff.

6. Existence of defense, apparent on face of complaint, which will defeat plaintiff's present right to recover, such as nonassignability of the claim, is ground for demurrer for failure to state facts sufficient to constitute cause of action.

7. That when cause of action accrued defendant was, and ever since has been, out of the state, tolling running of statute, under C. S., sec. 6622, is sufficiently pleaded by allegation that he previously departed from the state, and ever since has been "a resident" of and "domiciled" in another state.

8. Defects of improper joinder of causes and nonassignability of claims, grounds for demurrer, cannot be reached by motion to strike.

9. A sale of stock is a sale of goods.

10. For fraudulent representations inducing purchase of goods, buyer may rescind contract, return or offer to return property, and sue for amount paid, or stand on contract, and sue for damages, difference between amount paid and value.

11. The two remedies for fraud inducing purchase of goods are inconsistent, and buyer must elect which to pursue.

12. Complaint for fraudulent representations inducing buying of stock is insufficient to state cause of action under either election of remedy, not stating return, offer to return, or excuse for absence thereof, nor that stock was of less value than paid.

13. Cause of action for fraud in sale of stock is assignable, being for injury to property, and one which survives.

14. Causes of action for fraud in sales of stock may be joined, as being for injury to property, under C. S., sec. 6688, subd. 7.

15. It is enough that complaint for fraud sufficiently and specifically alleges falsity of some of material allegations charged.

16. Where decision sustaining demurrer was placed on wrong grounds, though there was ground on which it could have been properly sustained, yet it appearing that plaintiff could have avoided the defect by amendment, and if given opportunity can still do so, cause will be remanded, under C. S., sec. 6446, with instructions to give him opportunity to present motion to amend, judgment to stand affirmed if he fails to do so in time limited.

17. Effect of decision on appeal being to modify judgment by refusing to sustain it on grounds stated therein and sustaining it on other grounds, appellate court will exercise its discretion to determine that costs be not allowed.

APPEALS from the District Court of the Third Judicial District, for Ada County. Hon. Raymond L. Givens and Hon. M. I. Church, Judges.

Actions to recover moneys paid for stock in mining corporation. From judgments on demurrers, plaintiffs appeal. *Reversed and remanded.*

Publisher's Note.

3. See 20 R. C. L. 700.

4. See 2 R. C. L. 640.

8. See 1 R. C. L. 367.

10. Buyer's remedies for fraud, see note in 31 L. R. A., N. S., 910. See, also, 24 R. C. L. 357.

17. See 7 R. C. L. 802.

P. E. Cavaney, for Appellants.

At common law, survivability and assignability were convertible terms, and the action did not survive against the tort-feasor unless his estate was enriched by the tort. (*Willard v. Mohn,* 24 N. D. 390, 139 N. W. 979; *Houghton v. Butler,* 166 Mass. 547, 44 N. E. 624; *Borchert v. Borchert,* 132 Wis. 593, 113 N. W. 5; *Yearteau v. Bacon's Estate,* 65 Vt. 516, 27 Atl. 198; *Jenkins v. Bennett,* 40 S. C. 393, 18 S. E. 929; *Hegerich v. Keddie,* 99 N. Y. 258, 52 Am. Rep. 25, 1 N. E. 787.)

All actions in this state must be prosecuted by the real party in interest. (C. S., sec. 6634; 3 Sutherland's Code of Pleading and Practice, p. 2012.)

"Generally, moneys due and to become due, and every demand connected with the right of property, real or personal, are assignable." (*Truax v. Slater,* 86 N. Y. 630; *Stott v. Franey,* 20 Or. 410, 23 Am. St. 132, 26 Pac. 271.)

"Statutes have been passed in most of the states which increased the number of causes of action which survive, so as to include all injuries to property by which its value has been diminished." (3 Sutherland's Code of Pleading and Practice, p. 2015.)

"As illustrations of such causes of action which survive and are consequently assignable, may be mentioned claims arising from the negligent use of real or personal property, or for the conversion of the latter, or for injuries to the same, or for fraudulently inducing one to enter into the marriage relation, or for fraud or deceit in contracts relating to the sale of real or personal property." (*Haight v. Hayt,* 19 N. Y. 464; *Byxbie v. Wood,* 24 N. Y. 607; *Johnson v. Bennett,* 5 Abb. Pr., N. S., 331; *Woodbury v. Deloss,* 65 Barb. (N. Y.) 501; *Grocers Nat. Bank v. Clark,* 48 Barb. (N. Y.) 26; *Conaway v. Co-op. Bldrs.,* 65 Wash. 39, 117 Pac. 716; Pomeroy's Code Remedies, 3d ed., sec. 147–150; *Metropolitan L. Ins. Co. v. Fuller,* 61 Conn. 252, 29 Am. St. 196; *Dean v. Chandler,* 44 Mo. App. 338; *Peckham v. Smith,* 9 How. Pr. (N. Y.) 436; *Johnson v. Shuey,* 40 Wash. 22, 82 Pac. 123.)

Assignability of chose in action is now the rule, and non-assignability the exception. Practically the only class of choses in action which are not assignable are those for torts for personal injuries, and for wrongs done to the person, the reputation, or the feelings of the injured party. (2 R. C. L., sec. 3, Assignments, p. 596.)

If the complaint shows that the action is based on an implied contract, allegations of fraud are not to be regarded as constituting any part of the statement of the cause. (*People v. Wood,* 121 N. Y. 522, 24 N. E. 952; *Vande Weile v. Garbade,* 60 Or. 585, 120 Pac. 752.)

Defendant in this action cannot object to the nature of the action. (*Hornefius v. Wilkinson,* 51 Or. 45, 93 Pac. 474; *Morgans Louisiana, etc., v. Stewart,* 119 La. 392, 44 So. 138; Pomeroy's Code Remedies, 3d ed., secs. 493, 571.)

C. S., secs. 6609 and 6610 have no application in the cases at bar. Sec. 6611, subd. 4, applies. The test of subd. 4 is not whether fraud or mistake occurred in a contract or independent of contract, but the test is whether the action seeks relief from, or on account of a fraud or mistake. (*Hillock v. Idaho Title & Tr. Co.,* 22 Ida. 440, 126 Pac. 612, 42 L. R. A. (N. S.), 178; *Kirby v. Lake Shore etc. Ry. Co.,* 120 U. S. 130, 7 Sup. Ct. 430; 30 L. ed. 569; *San Pedro Lbr. Co. v. Reynolds,* 121 Cal. 74, 53 Pac. 410; *Allen v. State,* 6 Kan. App. 915, 51 Pac. 572; *Christensen v. Jessen,* 5 Cal. Unrep. 45, 40 Pac. 747; *Lewey v. Fricke Coke Co.,* 166 Pa. 536, 45 Am. St. 684, 31 Atl. 261, 28 L. R. A. 283; *Lataillade v. Orena,* 91 Cal. 565, 25 Am. St. 219, 27 Pac. 924.)

The allegations in the amended complaints are sufficient to show that the respondent was a nonresident of the state of Idaho. (*Teats v. Caldwell,* 28 Cal. App. 206, 151 Pac. 973; *Victor Oil Co. v. Drum,* 184 Cal. 226, 193 Pac. 243.)

While appellants herein do not admit that appellants have changed the causes of action in the amended complaint from an action *ex delicto* to one *ex contractu,* still such amendment might be made without affecting the rights

of the respective parties, and is permissible. (*Hodges v. Alexander*, 94 Okl. 122, 220 Pac. 927.)

Karl Paine and Barber & Barber, for Respondent.

The complaints fail.to state a cause of action. (*Cowen v. Harrington*, 5 Ida. 329, 48 Pac. 1059; 27 C. J., p. 18; 12 R. C. L., Fraud & Deceit, sec. 155; *Smith v. Neeley*, 39 Ida. 812, 231 Pac. 105; *Pioneer Bank & Trust Co. v. MacNab*, 41 Ida. 146, 238 Pac. 295; 16 Cal. Jur., pp. 626, 627.)

Appellants allege no facts which afford a basis for estimating damages, or to show that they were damaged. Their denials of the alleged fraudulent representations are all in the form of negatives pregnant. (*Kemmerer v. Pollard*, 15 Ida. 34, 96 Pac. 206; *Wright v. Spencer*, 39 Ida. 60, 226 Pac. 173.)

The causes of action attempted to be plead are not upon any implied contract, but in tort, for fraud and deceit. (*Kemmerer v. Pollard, supra;* 1 Am. & Eng. Ency. of L. & Pr., pp. 1057–59; 1 C. J. 1015, n. 31, 32; *Holt Ice Co. v. Jordan Co.*, 25 Ind. App. 314, 57 N. E. 575; 27 C. J., p. 29; *Francisco v. Hatch*, 117 Wis. 242, 93 N. W. 1118; *Boehrer v. Jergens etc. Co.*, 133 Wis. 426, 113 N. W. 655; *Lambert v. Jones*, 91 Mo. App. 288.)

Such causes of action are not assignable.

"As a general rule, in the absence of a statute providing otherwise, causes of action *ex contractu* survive while causes *ex delicto* do not." (*Kloepfer v. Forch*, 32 Ida. 415, 184 Pac. 477; *Hambly v. Trott*, 1 Cowp. 371, 98 K. B. Reprint 1136; *United States v. Daniel's Executors*, 6 How. (U. S.) 11, 12 L. ed. 323; *Lamphere v. Hall*, 26 How. (N. Y.) Prac. 509; 2 R. C. L. 611; *Farwell Co. v. Wolf*, 96 Wis. 10, 65 Am. St. 22, 70 N. W. 289, 71 N. W. 109.)

The complaint is uncertain as to absence from the state. (*Reynolds v. Lloyd Cotton Mills*, 177 N. C. 412, 5 A. L. R. 284, 99 S. E. 240; *McCollem v. White*, 23 Ind. 43; *Barron v. Burke*, 82 Ill. App. 116; *Rekling v. McKinstry*, 185 Fed. 842; *Brisenden v. Chamberlain*, 53 Fed. 307.)

Actual absence from the state, without the intention of remaining away and not returning, will not destroy the residence. (*Garlinghouse v. Mulvane,* 40 Kan. 429, 19 Pac. 798; *Smith v. Dalton,* 13 Ohio Dec. 469; *Hammond v. Hammond,* 103 App. Div. 437, 93 N. Y. Supp. 1, 6; *Chitty v. Chitty,* 118 N. C. 647, 24 S. E. 517, 32 L. R. A. 394.)

The word "resident" is ordinarily used to indicate a person with a fixed domicile or legal residence. (*Bechtel v. Bechtel,* 101 Minn. 511, 112 N. W. 883.)

TAYLOR, J.—The two appeals herein were combined and submitted upon one record and argument. Each is an appeal from a judgment of dismissal rendered after a motion to strike and a demurrer to an amended complaint were sustained, the plaintiff declining to further amend. The issues being the same in each, for brevity we will treat only of the MacLeod case. The amended complaint will be termed the complaint.

Plaintiff pleaded as a cause of action that defendant, by false and fraudulent representations in statements of fact as to the kind, amount, quality and value of the property of Boise King Placers Company (a corporation), induced him to purchase of defendant stock of such company, and joined thirty-one other alleged causes of action, upon as many claims assigned by other persons based upon similar allegations. The demurrer was based upon several grounds, among them, as to each cause of action,—

"1. That the same does not state facts sufficient to constitute a cause of action";
—that they were barred by the provisions of C. S., secs. 6609, 6610 and 6611; and, as to the whole complaint,—

"2. That thirty-two causes of action have been improperly united in the amended complaint in this, that the causes of action numbered 2 to 32, both inclusive, and each of them, is non-assignable, therefore plaintiff cannot unite the same with his first cause of action.

"3. That there is a defect of parties plaintiff in this, that the said causes of action numbered 2 to 32, both inclusive,

are non-assignable, and therefore plaintiff is not the real party in interest and his assignors (naming them) are necessary parties plaintiff. . . . .

"7. That said 32 causes of action, and each of them, are ambiguous in this, that it cannot be determined therefrom where defendant has actually resided since the —— day of March, 1914, or whether, since she departed from the State of Idaho and became a resident of and domiciled in the State of California, she has been continuously absent or absent from the State of Idaho, or during what part of said period she has not been a resident of the State of Idaho.

"8. That said 32 causes of action, and each of them, are uncertain for the same reason," and (9) "are unintelligible for the same reason."

A motion was made to strike the assigned causes on the ground that (3) they "are *ex delicto,* and therefore non-assignable."

The court minutes recite an order sustaining the demurrer upon the grounds alleged in "paragraphs 2 and 3" and "7, 8 and 9," and—

"The balance of said demurrers with the exception of those paragraphs urging that the first cause of action is barred by the statute of limitation because of the absence of the defendant from the State is denied and overruled.

"Paragraph 3 of motions to strike are sustained."

The effect of the ruling was that, under subdivision 2 of the demurrer, the causes of action are nonassignable and "therefore" improperly united, and under subdivision 3, that because nonassignable, there is a defect of parties plaintiff, and plaintiff is not the real party in interest, "and his assignors . . . . are necessary parties plaintiff."

[1–3] Except in a few instances which we need not consider, causes of action are joined or improperly united according as they do or do not fall all in one or another of the classes or under the provisions of C. S., sec. 6688. Their assignability is not, however, a test of the right to unite or join them in one complaint. A complaint which seeks to state a cause of action upon an assigned claim

which is not assignable, is not subject to a demurrer for "lack of capacity to sue," nor where two or more such claims are joined, is the complaint subject to demurrer for causes improperly united because nonassignable, nor to a demurrer for defect of parties plaintiff. That one is not the "real party in interest" is not ground for demurrer for "defect of parties plaintiff," but may be raised by demurrer for "failure to state a cause of action." (20 Cal. Jur. 566.) It is not sufficient that the complaint states a cause of action in someone,—it must be in the plaintiff. (*Dixon v. Gries,* 106 Cal. 506, 39 Pac. 857.)

[4] As between an assignor and assignee on a completed assignment, the assignee is the real party in interest. (*Brumback & Cahalan v. J. B. Oldham & Co.,* 1 Ida. 709.) The usual remedy on a demurrer for defect of parties plaintiff is to bring in the necessary parties plaintiff. A proper plaintiff need not always be brought in unless he is also a necessary plaintiff.

The demurrer admits the assignment, in which case the assignee is the real party in interest (*Brumback & Cahalan v. J. B. Oldham & Co., supra*), and the assignor is neither a necessary nor, in this case, a proper party. Surely, respondents would not contend that each one of the thirty-one assignors should be, or could be, brought in and joined herein, or that they could join in such an action. The interest of each is, if any, only in his particular claim. (27 C. J. 27, n. 37.)

[5] No "legal capacity to sue" is distinct from a failure to show a right of action in the plaintiff. (*Anthes v. Anthes,* 21 Ida. 305, 121 Pac. 553; *Pratt v. Northern Pacific Express Co.,* 13 Ida. 373, 121 Am. St. 268, 90 Pac. 341; 10 L. R. A., N. S., 499; *Los Angeles Ry. Co. v. Davies,* 146 Cal. 179, 106 Am. St. 20, 79 Pac. 865; 21 Cal. Jur., p. 99, sec. 64, p. 108, sec. 69.)

[6] The existence of a defense, apparent on the face of the complaint, which will defeat plaintiff's present right to recover, such as the nonassignability of the claim, is ground

for demurrer for failure to state facts sufficient to constitute a cause of action. (21 Cal. Jur., p. 106, sec. 68.)

[7] The complaint having alleged fraud to have been committed between July 24, 1912, and March 23, 1915, and that the plaintiff did not learn that these statements and representations were false until in or about the month of November, 1919, that paragraph which sought to avoid the limitation of C. S., sec. 6611, and to which the demurrer for ambiguity as well as uncertainty and unintelligibility was sustained, was necessary, if at all, to give plaintiff the benefit of the provisions of C. S., sec. 6622, in tolling the statute of limitations during the time defendant was "out of the state," or of her "absence" after the cause of action accrued.

The complaint alleged:

"That on or about the —— day of March, 1914, and prior to the discovery of the said fraud by said plaintiff and prior to the filing of this action herein, said defendant departed from the State of Idaho and ever since said —— day of March, 1914, has been and now is a nonresident of the State of Idaho, and is and has ever since said time been a resident of and domiciled in the State of California."

The allegation uses the words "a resident" and "domiciled." Webster's New International Dictionary (1926) defines "reside" as, among other things, "to dwell permanently or for a considerable time; to have a settled abode for a time"; and "resident" (adjective) as, "dwelling, or having an abode, in a place for a continued length of time; . . . . abiding; present"; and "resident" (noun) as, "one who resides in a place; one who dwells in a place for a period of more or less duration"; and "domicile" (verb transitive) (domiciled) as, "to establish in a fixed residence, or a residence that constitutes habitancy"; and "domicile" (verb intransitive) as, "to have one's domicile; to dwell"; and "domicile" (noun) as, "a place of residence, either of an individual or a family; a dwelling place; an abode; a home or habitation; a residence at a particular place accom-

panied with an intention to remain there for an unlimited time; a residence accepted as a final abode; a home so considered in law.''

To ''dwell'' is defined by the same authority as, ''to delay; to linger; to pause or tarry; . . . . to abide as a permanent resident, or for a time; to live in a place; to have one's residence or domicile; to reside''; and the following words are given as synonyms: ''Inhabit, live, sojourn, stay, rest.''

If the language used is reasonably within approved usage, it should be conceded to convey the thought necessary, when, as in this case, only one meaning could be of any purpose, to describe the time during which the defendant is alleged to have been ''out of'' or ''absent'' from the state, and when it could clearly have no other purpose. (31 Cyc. 79.) The matter might be better stated, yet if an accepted meaning of being ''a resident'' or being ''domiciled'' is to dwell, linger, pause, tarry, be present, abide as a permanent resident, live, sojourn, stay, or rest, then an allegation that defendant departed from the state of Idaho and has ever since been a resident of and domiciled in California, cannot be said to be an ambiguous or uncertain or unintelligible allegation of being out of, or of absence from, the state of Idaho. ''Enough appears to make the pleading easy of comprehension, and free from reasonable doubt.'' (21 Cal. Jur. 102.)

The court thus erred in sustaining the demurrer upon the grounds assigned.

[8] The order sustaining the motion to strike was likewise erroneous. An improper joinder of actions is ground for demurrer, as is also the nonassignability of a claim, and these defects cannot be reached by a motion to strike. (21 Cal. Jur. 100.)

Respondent urges that the complaint failed to state a cause of action, and that therefore even though the other rulings may have been erroneous, the judgment should be affirmed. There can be no doubt of the propriety of this court inquiring into the sufficiency of the complaint.

Whether or not there follows, if it is found insufficient, a duty to affirm the judgment, or whether, in a proper case, the cause should be reversed and remanded, will be reserved for further discussion.

[9] This court has held, in *O. A. Olin Co. v. Lambach,* 35 Ida. 767, 209 Pac. 277, to the effect that a sale of stock is a sale of goods.

[10] One who seeks to recover upon a sale of goods induced by false and fraudulent representations and deceit, has two remedies: First, he may rescind the contract, return or offer to return the property, and sue for the entire amount paid; or, second, he may stand upon the contract, and sue for damages, which would be the difference between the amount he paid for the stock and its real value, that is, the amount in which the plaintiff has been damaged by the fraud and deceit.

[11] In order to determine the assignability of the cause of action, it is necessary to look to the form of the action and the relief asked. (27 C. J. 29; 35 Cyc. 619; *Kloepfer v. Forch,* 32 Ida. 415, 184 Pac. 477.) While the lower court treated of the nonassignability, and, because it held the assigned causes nonassignable, held that they were not properly joined, these two correlated objections are ground, if any, for demurrer for failure to state facts sufficient to constitute a cause of action, not because they could not be joined, but because if nonassignable, an allegation that they were assigned to the plaintiff would state no cause of action in the plaintiff. Having these two remedies, a plaintiff must elect which he will pursue; they are inconsistent. (35 Cyc. 606; *Van de Wiele v. Garbade,* 60 Or. 585, 120 Pac. 752.)

[12] The complaints in this instance do not state a cause of action completely under either election; they nowhere state a return or an offer to return, or an excuse for not having returned, or offered so to do, the stock, which would be necessary in an action for rescission and suit to recover the entire amount paid, for which plaintiff asks. (*Breshears v. Callender,* 23 Ida. 348, 131 Pac. 15.) They are insuffi-

cient as a statement of the cause of action upon affirmance
of the contract, because they nowhere allege either a value
less than that paid, or that the stock was of no value.
(*Smith v. Neeley,* 39 Ida. 812, 231 Pac. 105.)

[13] The assignability of a cause of action is by the
authorities intimately associated with, and in most cases held
to depend upon, the same principle as the survival of a
cause of action. Thus, if it survives, it may be assigned;
if not, it may not. (C. S., sec. 6652.) Broadly stated and
referred to in *Kloepfer v. Forch, supra,* actions of a per-
sonal nature are not assignable. A long line of authorities
has established this principle. Some cases have held that
an injury suffered by fraud, false representations, or de-
ceit, is of such personal nature, does not survive, and is
not assignable. This was not involved in the Kloepfer case,
and not therein decided or necessary to the decision. The
later, and to me the better considered, cases have tended
toward, and many of them have reached, the conclusion
that the injuries of a personal nature which do not survive
are such as injury to person, malicious prosecution, false
imprisonment, libel, slander, and the like; and that an
injury which lessens the estate of the injured party does
survive, and thus is assignable. While the New York cases
cited at 23 Cyc. 409, are decided under a statute which
defines injury to property, yet this statute was adopted in
1876, and these authorities have been widely cited as sus-
taining the principle that an injury suffered through fraud,
false representations, or deceit, resulting in the diminution
of the estate of the injured party, survives and is assign-
able. I think that the statute is but a statement of the
principle which should control our decision, even in its ab-
sence, and that an injury such as alleged herein does dimin-
ish the estate, is an injury to property, survives, and is
assignable. (C. S., sec. 5364; *Cleveland v. Barrows,* 59
Barb. (N. Y.) 364; *Benedict v. Guardian Trust Co.,* 58 App.
Div. 302, 68 N. Y. Supp. 1082; *Gilbert v. Loberg,* 83 Wis.
189, 53 N. W. 500; *Cincinnati, S. & C. R. Co. v. Cook,* 37
Ohio St. 265; *More v. Massini,* 32 Cal. 590; *Stewart v. Bal-*

*derston,* 10 Kan. 131.) Later Kansas cases relying upon statutes of that state have held to the contrary (*Atchison, T. & S. F. R. Co. v. Kansas Farmers' Ins. Co.,* 7 Kan. App. 447, 53 Pac. 607; *Atchison, T. & S. F. R. Co. v. Chenoweth,* 5 Kan. App. 810, 49 Pac. 155; *Kansas Midland Ry. Co. v. Brehm,* 54 Kan. 751, 39 Pac. 690), but the cogency of reasoning and argument in *Stewart v. Balderston, supra,* is not weakened in its application in the absence of a statute to the contrary.

In *Kansas Midland Ry. Co. v. Brehm, supra,* the court points to those provisions of the statute different from ours, C. S., secs. 6634 and 6635, which they say "recognizes the limitation which existed at common law," and "inferentially, at least, provides that a chose in action arising out of a pure tort is not assignable."

It may be said that unless such injuries are an injury to property, they are nowhere provided for in our code as actions the joinder of which is contemplated thereunder at all. (C. S., sec. 6688.)

Appellants recite in their brief that they "are attempting to recover . . . . the moneys that they and their assignors paid to the said respondent for shares of mining stock . . . . , " alleging as their grounds for relief that "the said stock was sold to the said appellants . . . . through deceit, fraud and misrepresentation . . . . " When these facts are pleaded, of the two remedies, plaintiff must choose, for they are inconsistent.

[14] We are not called upon to make an election for plaintiff as to whether he will rescind, thus basing his action upon tort in the fraud and deceit, or whether he will elect to affirm the contract and sue for damages. We thus determine that the actions herein are for injury to property, survive, and were thus assignable and may be joined, as for injury to property, under subdivision 7 of C. S., sec. 6688.

[15] Respondent contends that the complaint is insufficient in another particular, in that "denials of the alleged fraudulent representations are all in the form of negatives

pregnant''; for example, that the falsity of a representation that the ''corporation owned and operated 640 acres of placer mining ground in Elmore county,'' is not sufficiently alleged by saying, ''It was not true that said corporation owned and operated 640 acres of placer mining ground in Elmore county''; respondent saying, ''Perhaps the company owned 639½ acres of ground, or 640 acres in Boise county.''

Some and perhaps many of the allegations in this particular are insufficient to permit proof of the falsity of the representations so stated. We are not inclined to rule upon by picking out each instance. Fraud without injury would not support a recovery. (*Hillock v. Idaho Title & Trust Co.*, 22 Ida. 440, 126 Pac. 612, 42 L. R. A., N. S., 178.) It is sufficient to say that there are some allegations of falsity sufficiently specified as to material representations to state a cause of action.

[16] At the opening of the treatment of the sufficiency of the facts stated, we recited respondent's contention that the judgment on demurrer should be affirmed if supported upon any ground. In *Gagnon v. St. Maries L. & P. Co.*, 26 Ida. 87, 141 Pac. 88, Chief Justice Ailshie stated this principle, saying:

''It is also true that if the demurrer was good on any ground stated, it would be the duty of this court to sustain the trial court, even though he sustained the demurrer on an erroneous ground.''

It is to be noted that while, in that case, the inquiry was extended to such questions, the result was in appellant's favor, and the court was not called upon to observe the ''duty'' of affirmance. The Gagnon case was cited to this point in the original opinion in *Feehan v. Kendrick*, 32 Ida. 220, 179 Pac. 507, not as imposing a duty, but supporting a result; yet on rehearing, the very relief was granted of reversal and permission to amend, thus negativing a ''duty'' to affirm. Appellant's request for a modification of the original opinion to permit an offer of amendment in the lower court to cure the defect in the complaint, was granted as ''reasonable.''

There is ample authority for an affirmance, especially where the order appealed from is general, not particularly pointing out the ground upon which the lower court ruled. (*Koch v. Speedwell Motor Car Co.*, 24 Cal. App. 123, 140 Pac. 598; *Sechrist v. Rialto Irr. Dist.*, 129 Cal. 640, 62 Pac. 261; *People v. Central Pac. R. Co.*, 76 Cal. 29, 18 Pac. 90; *Porter v. Plymouth Gold M. Co.*, 29 Mont. 347, 101 Am. St. 569, 74 Pac. 938; *Perkins v. Coffin*, 84 Conn. 275, 79 Atl. 1070, Ann. Cas. 1912C, 1188; *Depue v. Miller*, 65 W. Va. 120, 64 S. E. 740, 23 L. R. A., N. S., 775; *Gaynor v. Bauer*, 144 Ala. 448, 39 So. 749, 3 L. R. A., N. S., 1082; 4 C. J. 1132.)

There is further authority for affirmance, even though the ground has been specifically recited by the lower court as other than that upon which the decision of the appellate court is rested. (4 C. J., p. 1132, sec. 3125.)

" . . . . Yet where a wrong reason adopted by the trial court precluded the defeated party from taking the proper steps to preserve his rights, a reversal will be ordered." (4 C. J., 1164.)

See, also: *Brennan v. American Sulphur & M. Co.*, 45 Colo. 248, 100 Pac. 412; *Crosby v. Woodbury*, 37 Colo. 1, 89 Pac. 34.

Those cases which have affirmed a judgment of the lower court when the decision on appeal was arrived at upon grounds other than those supporting the ruling of the lower court, have, in the great majority of cases, announced or intimated in terms that "no useful purpose could be served by a reversal," or that "it appears that plaintiff has stated all that he could," or that "a decision will fully settle the matter." (4 C. J., p. 1134, sec. 3128.) On the other hand, it seems that, if it may be reasonably supposed that the appellant, if he had been given timely opportunity in the lower court to meet the objection by an amendment, would have been able to do so; in other words, that justice required him to have had an opportunity so to do; and it appears reasonable that he may, upon a reversal, be able to meet the objection ruled upon here for the first time ad-

versely to him, or in this instance state a cause of action, he should be permitted such opportunity by reversal, rather than denied it by affirmance. (*City of Decatur v. Southern Ry. Co.*, 183 Ala. 531, 62 So. 855, 48 L. R. A., N. S., 231; *Anderson v. Broward*, 45 Fla. 160, 34 So. 897.)

A judgment of dismissal ought not to be sustained in this court upon grounds determined for the first time herein adversely to the appellant, if to do so is to deprive him of a reasonable opportunity to rectify such defect which he would have had if the ruling had been adverse to him in the lower court, if in addition it reasonably appears that he may still be able so to do if granted the opportunity by a reversal. A correct decision, in due and timely manner, is the right of both plaintiff and defendant, and an error on the part of the court in defendant's favor, at a time when the correct decision would have given plaintiff an opportunity to amend, ought not to be later given the effect of a positive advantage to defendant, where the plaintiff might have, in the first instance, avoided it, which it appears he may still be able to do. To do this would give to a defendant the advantage both of an error of the plaintiff and an error of the court.

In each case, the cause is remanded to the trial court, with instructions to take such further proceedings therein as may appear to be in accordance with justice, including authority to hear and determine appellant's motion to amend his complaint, should one be made within twenty days after the filing of the *remittitur*. (C. S., sec. 6446; *Boise City v. Artesian Hot & Cold Water Co.*, 4 Ida. 351, 392, 39 Pac. 562, 566.) If such motion is not made within that time, the judgment of the trial court will stand affirmed. (*Feehan v. Kendrick*, 32 Ida. 220, 227, 179 Pac. 507.)

[17] The effect of this decision upon the judgment below being to modify it by refusing to sustain it upon the grounds stated therein, and sustaining it upon other grounds, we exercise our discretion to determine that no costs be allowed to either party.

William A. Lee, C. J., Wm. E. Lee, J., and Terrell and Varian, District Judges, concur.